HARRIS, Judge.
Lewis L. Orlow, a Florida resident, alleges that Fiber-Seal International, Inc. (Fiber-Seal) orally contracted with him for the preparation of a sales training program. Fiber-Seal had no office in Florida but payments, as long as they were made, were sent to Orlow in Florida. When the payments stopped, Orlow sued Fiber-Seal in Florida. Fiber-Seal claimed that it had insufficient contacts with Florida to warrant jurisdiction. The trial court agreed •and dismissed the action. We reverse.
Orlow’s sworn complaint alleges (among other allegations):
1. Orlow is a resident of Brevard County, Florida.
2. Fiber-Seal solicited Orlow’s services in Brevard County in March 1988.
3. Fiber-Seal’s chairman and president (Stephen Nelson) contacted Orlow in Bre-vard County about developing a training program and invited him to attend a workshop in Chicago in April 1988.
4. On May 18, 26, and 31, Orlow sent outlines and additional information concerning fees and the training program from Florida to Fiber-Seal in Dallas.
5. Fiber-Seal began paying Orlow in Brevard County on July 28, 1988 ($2,000.00 for the training program and for Charlotte, North Carolina, workshop samples).
6. On August 25, 1988, Fiber-Seal wrote a letter to Orlow in Florida to keep the program moving.
7. Orlow sent samples of training program books from Florida to Fiber-Seal’s Dallas and Charlotte offices in October 1988.
8. Fiber-Seal directed Orlow to meet with local licensees (in Florida) for input and suggestions during fall 1988.
9. Orlow met with Fiber-Seal Florida licensees in Florida at the direction of Fiber-Seal to review the training program.
In addition, Orlow’s affidavit in response to the assertion of lack of jurisdiction alleges:
1. The services and printing for the training program were performed in Bre-vard County.
2. All payments were made in Brevard County.
On the other hand, Fiber-Seal filed an affidavit generally alleging that Fiber-Seal did not conduct business in Florida; that its Florida dealers were independent contractors; and that the contract, if one existed, was not entered into in Florida.
In its initial analysis of this issue, the trial court concentrated on the provisions of the contracts between Fiber-Seal and its various Florida licensees. The court’s first concern was whether Fiber-Seal, by consenting to be made a party defendant in *597 any product liability action against its licensees in Florida, also subjected itself to Florida’s jurisdiction in any contractual action. The court ultimately decided that it did not. The court next considered McGee v. Int’l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), but determined that the facts alleged in the present case somehow did not measure up to the jurisdictional standard enunciated in McGee. We find the facts of this case every bit as compelling as those in McGee.
In McGee, the Texas insurer issued one policy of insurance, by mail, in all of California. The payments for the insurance were mailed from California to Texas. The insured died and the insurer refused payment claiming the death resulted from suicide. The insurer was served in the California action under that state’s long arm statute. It did not defend. Texas ultimately refused to honor the resulting California judgment, holding that the California court lacked jurisdiction over the Texas insurer, and the matter was passed on to the United States Supreme Court.
The McGee Court acknowledged the trend to expand the permissible scope of state jurisdiction over foreign corporations and held that due process does not prevent in persona jurisdiction in those cases where the defendant has sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” The court confirmed California’s jurisdiction.
In Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), the court found the following contacts sufficient to establish jurisdiction over the nonresident defendant. The defendant contacted the plaintiff in Florida to do work in Florida and elsewhere, the plaintiff performed the work and incurred expenses in Florida, and payment was to be made in Florida.[1]
In the case at bar, it is undisputed that Orlow was originally contacted in Florida; that he was employed to prepare a training program (which Fiber-Seal knew would be prepared in Florida);, that he was directed to contact Fiber-Seal licensees in Florida for input into the program; that work was done and expenses were incurred in Florida; and that payments had been mailed to Orlow in Florida. We find that the plaintiff met the McGee test by showing that the contract, whether or not it was entered into in Florida, “had substantial connection with [this] state.”[2] In short, there are adequate, undisputed facts which establish that Fiber-Seal has such minimum contacts with Florida that recognizing jurisdiction in this state does not offend the traditional notions of fair play and substantial justice.[3]
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.

. Because the affidavits could not be reconciled, the court ordered a further limited evidentiary hearing.

. McGee, 355 U.S. at 223, 78 S.Ct. at 201.

. See also Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Nordmark Presentations, Inc. v. Harman, 557 So.2d 649 (Fla. 2d DCA 1990); and Ben M. Hogan Company, Inc. v. QDA Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990).