625 So.2d 1313 (1993)
W. David TALLMADGE, Appellant,
v.
MORTGAGE FINANCE GROUP, INC., Appellee.
No. 93-1373.
District Court of Appeal of Florida, Fourth District.
November 3, 1993.
Randy R. Freedman of Freedman & McClosky, P.A., Fort Lauderdale, for appellant.
I. Barry Blaxberg and Lawrence J. McGuinness of Blaxberg, Grayson & Singer, P.A., Miami, for appellee.
STONE, Judge.
We affirm an order denying a motion to dismiss for lack of personal jurisdiction. Construing any conflict in the parties' affidavits and proof most favorably to Appellant, the unrefuted portion of Plaintiff's allegations demonstrate sufficient minimum Florida contact to support jurisdiction.
Appellee is a Florida mortgage broker suing for nonpayment of a fee earned in obtaining refinancing of a mortgage on Appellant's California property. The closing occurred in California. Although the parties' affidavits conflict concerning which party initially contacted the other, it is undisputed that after telephone communication, Appellant sent a loan application, a check, and a brokerage contract to Appellee's office in Florida and that the broker then contacted the lender. The brokerage contract provided that the fee would be paid out of the closing proceeds. The undisputed facts are sufficient to satisfy both due process considerations and long arm jurisdiction pursuant to section 48.193(1)(g), Florida Statutes, on Appellee's breach of contract claim for failing to pay the fee. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Klein v. Federated Builders, Inc., 616 So.2d 623 (Fla. 4th DCA 1993); Laser Elec. Contractors, Inc. v. C.E.S. Indus., Inc., 573 So.2d 1081 (Fla. 4th DCA 1991); Orlow v. Fiber-Seal Int'l., Inc., 613 So.2d 595 (Fla. 5th DCA 1993); Indus. Casualty Ins. Co. v. Consultant Assocs., 603 So.2d 1355 (Fla. 3d DCA 1992); Ben M. Hogan Co., Inc. v. QDA Inv. Corp., 570 So.2d 1349 (Fla. 3d DCA 1990).
*1314 Requiring Appellant to answer Appellee's claim does not offend traditional notions of fair play and substantial justice. It is reasonable to conclude that a party hiring an agent under these circumstances would expect to be haled into court in this state on a breach of contract claim for nonpayment.
Although not cited by either party, we recognize that this opinion may be construed as conflicting with our opinion in Seville Fin. Inc. v. Nationwide Mktg. Assocs., Inc., 488 So.2d 658 (Fla. 4th DCA 1986), in which a contrary result was reached under somewhat similar circumstances. However, subsequent to Seville, the supreme court recognized, in Venetian Salami, that retaining a Florida agent to perform services in this state is sufficient to meet due process concerns in an action for nonpayment for the services performed here.
We also recognize that disputed issues still must be resolved in this case, not the least of which is whether Appellee was in fact the procuring cause of the loan or, as Appellant claims, whether Appellant obtained the loan from the same lender independently of Appellee's efforts. However, this is the ultimate liability issue to be determined upon a final hearing. Since the affidavits and proof before the court were sufficient to support jurisdiction notwithstanding the remaining conflict, unlike the circumstances in Venetian Salami, nothing is to be gained here by requiring an additional evidentiary hearing.
DELL, C.J., and FARMER, J., concur.