KLEIN, Judge.
The trial court dismissed plaintiffs’ complaint because it concluded that defendant did not have minimum contacts with Florida so as to be amenable to suit here. We reverse.
Defendant Lady Alice Corp., a Delaware corporation, is wholly-owned by Robert Jep-son, a resident of Georgia. Plaintiff Robert Offer is a licensed yacht broker in Fort Lauderdale who received a telephone call from Jepson inquiring about a yacht which was in Fort Lauderdale for repairs. Jepson came to Florida twice to meet with Offer and inspect the yacht, and thereafter signed a contract to purchase the yacht for $7.25 million dollars, which was rejected. There were further negotiations between Jepson and the owner, through Offer; however, Jepson then wrote Offer and told him he was no longer interested in buying the yacht.
A few months later, unbeknownst to Offer, Jepson again came to Florida and took the yacht on a sea trial with a surveyor. Jepson thereafter had his corporation, Lady Alice, purchase the yacht for $6.5 million in a transaction in which a lower than usual broker’s commission was paid to a different broker.
Offer brought this lawsuit against the seller, buyer, Jepson, and others on the theory that they fraudulently excluded him from participating in the sale and receiving a commission. The issue before us is whether Florida has jurisdiction over Lady Alice, the Delaware corporation which purchased the yacht.
Section 48.193(l)(b), Florida Statutes (1991) authorizes long-arm jurisdiction over a defendant committing a “tortious act within this state.”
The facts alleged here could constitute tor-tious conduct. Mead Corp. v. Mason, 191 So.2d 592, 594 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla.1967) (where seller and purchaser negotiate secretly and exclude broker from sale and commission, seller can be liable in tort). And, the tortious conduct did occur in Florida. Tallmadge v. Mortgage Fin. Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993) (out-of-state borrower who applies for loan through Florida mortgage broker, but fails to pay commission, is subject to suit in Florida for breaching contract in Florida under section 48.193(l)(g)). Finally, Jepson’s activities in Florida were sufficient to satisfy the minimum contact requirement of due process. Tallmadge, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
We therefore reverse and remand for further proceedings.
STONE and PARIENTE, JJ., concur.