671 So.2d 193 (1996)
Robert OFFER and Offer & Associates International, Inc., Appellants,
v.
Ted ARISON, Rubilaxce, Inc., a Florida corporation, George Barbar, Alice Bay, Inc., a Florida corporation, Merle Wood, and Robert Jepson, Appellees.
No. 94-0988.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Reed A. Bryan of Law Office of Reed A. Bryan, Fort Lauderdale, for appellants.
Karen Meyer Buesing of Rudnick & Wolfe, Tamp, for appelleeRobert Jepson.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw our per curiam affirmance of May 31, 1995 and substitute the following opinion reversing the trial court's order dismissing Robert Jepson as a defendant.
The trial court entered its order of dismissal based on lack of personal jurisdiction after conducting an evidentiary hearing pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). The sole issue in this case, as in Offer v. Lady Alice Corp., 671 So.2d 191 (Fla. 4th DCA 1996), is whether the two prongs necessary for asserting personal jurisdiction were met: 1) sufficient facts to bring defendant within Florida's long arm statute; and 2) sufficient facts to constitute minimum contacts with the forum. See Venetian Salami.
It is undisputed that Jepson, a Georgia resident, initiated contact with plaintiff Robert Offer, a Florida broker, to inquire about purchasing a yacht located in Florida. Jepson came to Florida twice to meet with Offer concerning the purchase of the yacht. Jepson, through his wholly-owned corporation, Lady Alice, ultimately purchased the yacht through another broker, thus excluding Offer from the transaction and from a substantial brokerage commission. The gist of Offer's complaint is that Jepson, in concert with other defendants including Florida residents, defrauded Offer, as the corresponding broker.
Consistent with our reasoning in Lady Alice, which involved the wholly-owned corporation of appellee Jepson, we find that the facts alleged against Jepson could constitute tortious conduct in Florida pursuant to section *194 48.193(1)(b), Florida Statutes (1995), and that Jepson's activities in Florida satisfy the minimum contacts requirement of the due process clause. As Judge Stone stated in his original dissent, "[f]rom the evidence and claims in this record, it is premature to draw ultimate inferences or conclusions of fact to preclude the plaintiff from proceeding against Appellee" Jepson.
STONE, PARIENTE and STEVENSON, JJ., concur.