898 So.2d 151 (2005)
Mijoshski Antwon EVANS, Appellant,
v.
Latoya Kay THORNTON a/k/a Latoya Kay Evans, Appellee.
No. 4D04-824.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Cynthia L. Greene of the Law Offices of Greene, Smith & Associates, P.A., Miami, the Law Offices of G. Carlton Marlowe, P.A., and the Law Offices of Kyle D. Pence, P.A., Fort Lauderdale, for appellant.
Carol A. Kartagener of Weiss & Handler, P.A., Boca Raton, for appellee.
HAZOURI, J.
This is an appeal of a non-final order determining personal jurisdiction in a dissolution matter.
*152 Mijoshski Antwon Evans (the Husband) in support of his motion to dismiss for lack of personal jurisdiction served two sworn affidavits in which he declared that he did not intend to waive any jurisdictional defenses and set forth facts demonstrating his lack of connection with the state of Florida. Latoya Kay Evans (the Wife) served a sworn affidavit in opposition to the motion to dismiss in which she contended that she and the Husband lived in Florida for an extended period of time from 1998 until 2001 when they separated and ceased living together.
Unable to reconcile the affidavits, the trial court scheduled an evidentiary hearing on the issue of personal jurisdiction raised by the Husband. A series of hearings took place over five days, during which the lower court heard testimony from the Husband, the Wife, the process server, attorney Jeffrey Deutsch (who accepted process for the Husband), the Husband's cousin, the Husband's accountant, and custodians of records for an apartment complex and the corporation that served as the Husband's sports agent. Following the hearing, the trial court denied the Husband's motion to dismiss. We affirm.
In the instant case, the trial court was required to hold a limited evidentiary hearing in order to determine the jurisdiction issue because the affidavits of the Wife and the Husband could not be reconciled. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989). When the trial court's decision is based on live testimony, the appellate court defers to the trial court's determination as to the credibility of witnesses. McCarter v. Bigfoot Indus., Inc., 805 So.2d 1028, 1031 (Fla. 4th DCA 2001). See also Sinclair v. Sinclair, 804 So.2d 589, 594 (Fla. 2d DCA 2002) (stating when there is conflict in the evidence, prevailing party is entitled to have the evidence viewed in the light most favorable to it).
The trial court's order denying the Husband's Motion to Dismiss for Lack of Personal Jurisdiction makes the following findings: (1) the Husband waived the defense of lack of jurisdiction by having his general counsel accept service on his behalf based on the facts that Deutsch's testimony that he denied informing the process server that he was authorized to accept service for the Husband was unpersuasive, and additionally that Deutsch was authorized to act under the principles of apparent agency, and where there was no pleading questioning Deutsch's acts there was a conclusive presumption that Deutsch was authorized to act for the Husband; (2) the Husband waived the right to contest personal jurisdiction by failing to challenge personal jurisdiction until after a general appearance in the case where the Notice of Objection to Referral to General Master constituted a general appearance and a waiver of the Husband's objections to the court's personal jurisdiction; and (3) the Husband is subject to personal jurisdiction pursuant to section 48.193, Florida Statutes (2002), where he resided in Florida preceding the commencement of the dissolution proceedings and the testimony given by the Husband, his cousin, and his accountant concerning the Husband's legal residence was not credible. The court found that the Husband had sufficient minimum contacts with Florida to satisfy due process requirements.
We have reviewed the transcript of the evidentiary hearing and find that substantial competent evidence supports the trial court's order. We, therefore, affirm.
AFFIRMED.
STONE and GROSS, JJ., concur.