69 So.3d 295 (2011)
CORPORACION AERO ANGELES, S.A., Appellant,
v.
Jaime Gaston FERNANDEZ & Fernandez Aviation, LLC, Appellees.
No. 4D09-4997.
District Court of Appeal of Florida, Fourth District.
April 20, 2011.
Opinion Denying Rehearing June 29, 2011.
*296 Ricardo J. Cata and Ronnie Guillen of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Miami, for appellant.
Joseph S. Shook, Coral Gables, for appellees.
WARNER, J.
The appellant, a Mexican corporation, challenges a trial court's order denying its motion to dismiss for lack of personal jurisdiction in a breach of contract action for failure to pay a commission on the sale of the corporation's airplane. The trial court supported its denial on the ground that the plaintiff, a Florida broker, was instrumental in finding a buyer for the airplane and received some materials in Florida, which the court found sufficient to confer jurisdiction. We reverse, because these reasons were insufficient to show minimum contacts by the corporation with Florida to support personal jurisdiction.
This case arises out of the breach of an oral brokerage agreement for the sale of a jet owned by Aero Angeles, a Mexican Corporation. The plaintiff, Jaime Gaston Fernandez, claims that he was not paid a commission in connection with the sale and filed suit seeking damages from Aero Angeles. The corporation contends that it did not enter into a contract to pay him a commission.
Aero Angeles owned a Falcon 900B jet, which was its only asset, according to Antonio Ortiz Palero, the general director of Aero Angeles and also the pilot of the aircraft. The corporation itself was owned by a Mexican national who used the jet primarily for personal use. The jet was *297 headquartered in Mexico and was never offered for charter flights to Florida or for Florida residents. Palero testified that the company had no type of business in Florida. The company did not have employees, offices, phone listings, bank accounts, leases or sales in Florida. It did not engage in business in Florida and did not register to do business in the state. It did not have an agent in Florida for service of process and never paid Florida taxes. The company did not bring paying passengers to Florida.
When the owner of Aero Angeles decided to purchase a new aircraft, he directed Palero to sell the Falcon. Palero contacted Fernandez about selling the aircraft, although he testified that Fernandez was only one of many persons who were contacted about the jet. Palero testified that the company would not engage an exclusive broker, nor would its owner agree to pay a commission. Instead, the owner expected a certain price, and anything over that amount could be kept by the broker. Essentially, Fernandez testified to the same agreement, but he testified that his agreement regarding the commission was between him and Palero, because Palero would be splitting the commission with Fernandez. In fact, according to Fernandez, Palero told him to give a net price to the owner of $17,000,000, and he and Fernandez would split the amount above that price. Fernandez also claimed that he obtained the exclusive listing for the aircraft from Palero.
Fernandez testified that he approached several buyers in Florida and advertised the plane in national magazines. Palero sent him pictures of the plane to use in the advertising. Initially Fernandez obtained an offer of $17,000,000 for the plane but the owner rejected the offer. Later, Palero received another call from Fernandez that certain Canadian clients wanted to see the plane. Fernandez received permission from Palero to show the plane to the clients in Mexico. The Canadian clients then sent Fernandez $25,000 for expenses to view the airplane in Mexico. Most of these funds were eventually returned to the buyers.
After viewing the plane in Mexico, the buyers placed a $500,000 deposit on a contract for sale, which deposit was held by an Oklahoma escrow agent. Without Fernandez being present, Palero met with the Canadian buyers in Montreal and worked out a contract. Other brokers or salesmen were involved. On behalf of the owner, Palero accepted a purchase price of $18,575,000. The $575,000 was to be for Fernandez or the other brokers. The sale eventually closed in Canada. Neither the buyer nor the other brokers paid Fernandez the commission.
Several years later Fernandez sued Aero Angeles for breach of contract for failure to pay him a commission. To establish jurisdiction, he alleged that Aero Angeles had breached a contract by failing to pay the commission to Fernandez in this state. He also detailed his efforts to market the plane in Florida and his execution of a contract of sale in Florida. The corporation moved to dismiss, and the court held an evidentiary hearing on the issue.
After hearing the witnesses, the court determined that Palero and Fernandez had some discussions regarding making a sale of the aircraft. Palero ultimately told Fernandez that he wanted $18,000,000 for the plane, and anything over that would be for Fernandez or would be a private split between Palero and Fernandez. The court found that Fernandez had authority to sell the aircraft, introduced the eventual buyer to the seller, and received $25,000 [from the buyers] in Florida for the purposes of showing the aircraft. The court concluded that because Fernandez was a *298 Florida broker, these contacts were sufficient to provide jurisdiction. Aero Angeles appeals the determination of jurisdiction.
We review a trial court's denial of a motion to dismiss for lack of personal jurisdiction using the de novo standard. See Wendt v. Horowitz, 822 So.2d 1252, 1256-57 (Fla.2002). However, where "the trial court's decision is based on live testimony, the appellate court defers to the trial court's determination as to the credibility of witnesses." Evans v. Thornton, 898 So.2d 151, 152 (Fla. 4th DCA 2005). Thus, with respect to the determination of facts, we defer to the trial court. With respect to the application of those facts to the law, we review de novo.
In Stomar, Inc. v. Lucky Seven Riverboat Co., 821 So.2d 1183, 1185 (Fla. 4th DCA 2002), we explained the dual inquiry required to make a jurisdictional determination under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989):
The trial court must first decide whether the complaint alleges sufficient jurisdictional facts to bring the action within Florida's long arm jurisdiction statute. Second, the court must determine whether the non-resident lacks sufficient contacts with Florida such that the maintenance of the suit here would offend traditional notions of fair play and substantial justice because defendant could not reasonably anticipate being sued in Florida.
(footnote omitted). Here, the complaint alleged that Aero Angeles breached a contract by failing to pay Fernandez a commission in this state, thus bringing the action within section 48.193(g) of the Florida long-arm statute: "Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Whether the trial court found that Aero Angeles agreed to pay Fernandez a commission is subject to debate. The trial court found, consistent with both the testimony of Fernandez and Palero, that the owner would seek a set price ($18,000,000 according to the trial court), and Fernandez and Palero would split any money obtained above that figure. We question whether such an agreement amounts to one between the corporation and Fernandez. Nevertheless, for purposes of this opinion we will assume that this constituted a contract between the corporation and Fernandez to pay a commission.
Where no place of payment is designated in a contract, payment is presumed to be made at the residence of the creditor. See Global Satellite Commc'n Co. v. Sudline, 849 So.2d 466, 468 (Fla. 4th DCA 2003). Fernandez lives in Florida. Therefore, Fernandez has satisfied the first prong of the jurisdictional analysis.
The second prong requires a determination as to whether the non-resident has sufficient minimum contacts to bring the action in the forum state. The trial court made no analysis of the contacts of the corporation to Florida which would bring it within the minimum contacts. It merely listed the contacts that the broker has with the state. In essence, because a Florida broker sold the airplane, the court found sufficient jurisdiction in Florida. We disagree.
Accepting the trial court's finding that a contract existed, the contract the court accepted was a contract to sell a Mexican plane to a Canadian buyer. When Fernandez' Canadian prospects developed an interest, they went to Mexico to view and test the plane. Fernandez signed a contract with the Canadian buyer, with an escrowed down payment being held in Oklahoma. The Canadian buyers, not Aero Angeles, sent money to Fernandez in *299 Florida to pay for the expense of viewing the airplane in Mexico. The remaining contract negotiations occurred in Canada between Palero and the Canadian buyers.
The Supreme Court has set the contours of the minimum contacts of a defendant with a forum state necessary to satisfy due process.
Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).
Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). This type of jurisdiction is referred to as specific jurisdiction.[1] Stated another way, to satisfy the minimum contacts requirement for purposes of personal jurisdiction a defendant's contacts (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir.1996) see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
The court determined that a contract existed to sell the plane to Canadian buyers. The court did not determine that Aero Angeles gave Fernandez an exclusive listing agreement to sell the plane. Aero Angeles' contacts with Florida in relation to the sale of the plane to Canadian buyers are non-existent. Neither the plane, the owner, nor even Palero came to Florida in connection with this sale. No contract was delivered to Aero Angeles here. No deposit was escrowed in Florida. The closing took place in Canada. In short, none of the three criteria for minimum contacts has been satisfied.
Fernandez relies primarily on two cases, both of which we find distinguishable. First, he claims that under similar circumstances we found in Stomar that an out-of-state owner hiring a broker in Florida to sell a vessel satisfied minimum contacts. However, the broker was hired "to perform brokerage services on its behalf in Florida, including negotiations, for the purpose of selling Lucky Seven's vessel here." (emphasis supplied). Thus, where the vessel is located in Florida and the sale is made in Florida, there is every reason for the owner who fails to pay a broker commission to expect to be haled into court in Florida. Here, however, the jet was not located in Florida, nor did the closing occur in Florida, and thus Stomar is distinguishable on its facts.
Tallmadge v. Mortgage Finance Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993), *300 is factually a closer case. There, a California resident sought mortgage refinancing on his home. He contacted a Florida mortgage broker and sent a deposit and signed contract to the broker in Florida. The broker then found the lender, and the transaction closed in California. We held that there were sufficient minimum contacts with Florida to confer jurisdiction over the California resident. In Tallmadge, a written contract was sent to Florida with a deposit, acknowledging Florida's centrality to the mortgage broker. In contrast, no contract regarding the commission or exclusive brokerage agreement was sent to Florida, nor was any money sent by Aero Angeles to Florida. While the trial court found that $25,000 was sent to Fernandez, it was sent by the buyers, not the seller, to arrange the viewing of the plane. Moreover, the Tallmadge court acknowledged that the Florida Supreme Court in Venetian Salami recognized that retaining a Florida agent to perform services in this state was sufficient to constitute minimum contacts. Here, Fernandez was retained to close the sale of a Mexican airplane to Canadian buyers and was not retained to furnish services in this state.
We conclude that the appellant has not shown that jurisdiction can be constitutionally asserted over Aero Angeles. Specific jurisdiction based upon minimum contacts between Aero Angeles and Florida has not been established.
Reversed with directions to dismiss the cause of action for lack of jurisdiction.
POLEN and LEVINE, JJ., concur.

ON MOTION FOR REHEARING
WARNER, J.
We deny the motion for rehearing, but add the following to our opinion.
Fernandez first contacted Palero by telephone in Mexico inquiring into whether the Falcon 900B was for sale in 1999 several years before Aero Angeles actually placed it on the market. He continued to ask about the plane during the ensuing years. Finally, in 2002, Palero told him that Aero Angeles would be selling the plane. Thus, this case is distinguishable from those cases which found minimum contacts where the non-resident initiated contact with the Florida resident in Florida. See Banco Inversion, S.A. v. Celtic Fin. Corp., S.A., 907 So.2d 704 (Fla. 4th DCA 2005) (Banco contacted Celtic in Florida to provide services in connection with bond sale, and Celtic performed services in Florida); Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071 (Fla. 4th DCA 2002) (non-resident who initiated contact with commodities broker in Florida to trade commodities through its offices in Florida and sent payment to Florida was engaged in business activity in the state sufficient to meet minimum contacts).
POLEN and LEVINE, JJ., concur.
NOTES
[1] Jurisdiction may also be predicated on a defendant's activities in a forum state. This is termed general jurisdiction. Aero Angeles conducted no activities in Florida and thus could not be subject to general jurisdiction.