GERBER, J.
The plaintiff association appeals the circuit court’s order granting the defendant’s motion for relief from a final judgment of foreclosure. The court granted the defendant’s motion on the basis that the association, which is actually named “Lake Charleston Maintenance Association, Inc.,” misnamed itself in the affidavit in support of its motion for summary judgment as “Lake Charleston Homeowners Association, Inc.” The association argues that the misnomer did not entitle the defendant to relief. We agree with the association and reverse.
The defendant brought his motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(3) (2010). Rule 1.540(b)(3) provides, in sum, that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. The defendant’s motion alleged that the association’s counsel committed fraud and misconduct because he “should have been aware that [he] named the wrong entity.” The motion further alleged that “this is not the first time” the association’s counsel named the wrong entity.
In response to the motion, the association filed a motion to correct misnomer pursuant to Florida Rule of Civil Procedure 1.540(a) (2010). Rule 1.540(a) provides, in sum, that clerical mistakes in judgments or other parts of the record arising from oversight may be corrected by the court at any time on its own initiative or on the motion of any party. The association alleged that the misnomer was a clerical error. The association further alleged that, notwithstanding the clerical error, the claim of lien attached to the complaint contained the association’s correct name. The association requested the court to enter an order correcting the misnomer and identifying the association in the proceedings as “Lake Charleston Maintenance Association, Inc.”
The circuit court first held a hearing on the association’s motion to correct misnomer. The court entered an order denying the motion without any written explanation. The association has not provided us with a transcript which might shed light on the court’s reasoning.
However, the circuit court later held an evidentiary hearing on the defendant’s mo *924 tion for relief from judgment. The association has provided us with a transcript of that hearing. At the end of the hearing, the court made the following findings:
The summary judgment is based upon a false affidavit. I don’t suspect that there was any intent to defraud. It’s simply an error because it’s the wrong organization, but the affidavit is wrong.
[[Image here]]
We now know that it should have been the Lake Charleston Maintenance Association, Inc. The affidavit itself is erroneous, and that was the basis for the summary judgment. So for no other reason — again, I’m not suggesting there was an intent to defraud, but it is a false affidavit that supported the summary judgment, and the motion for relief from judgment is granted.
(emphasis added). The court then entered a written order granting the defendant’s motion for relief from judgment.
The association appealed only the order granting the defendant’s motion for relief from judgment. Generally, we review a circuit court’s order on a motion for relief from judgment for an abuse of discretion. See Freeman v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202, 1204 (Fla. 4th DCA 2010) (“Because a trial court is accorded broad discretion in determining rule 1.540(b) motions ... the standard of review of an order on a rule 1.540(b) motion for relief from judgment is whether there has been an abuse of the trial court’s discretion.”). However, to the extent that a circuit court applies its findings of fact to the law in rendering an order, we review that application de novo. See Corporacion Aero Angeles, S.A. v. Fernandez, 69 So.3d 295, 298 (Fla. 4th DCA 2011) (appellate court reviews de novo the circuit court’s application of facts to the law).
We conclude that the circuit court misapplied its findings of fact to the law in granting the defendant’s motion for relief from judgment. The court found that the association did not commit fraud, misrepresentation or other misconduct, but rather simply committed a clerical mistake. As such, under the plain language of rules 1.540(b)(3) and 1.540(a), the court should have denied the defendant’s motion for relief from judgment and should have granted the association’s motion to correct misnomer.
The defendant’s arguments seeking to defend the circuit court’s order for the other reasons raised in his motion for relief from final judgment and at the eviden-tiary hearing are without merit. We choose not to address those arguments in further detail. We remand with directions for the circuit court to reinstate the association’s final judgment and to correct the clerical mistake in the final judgment. See Fla. R. Civ. P. 1.540(a) (“During the pen-dency of an appeal such mistakes may be so corrected ... with leave of the appellate court.”).

Reversed and remanded.

WARNER and DAMOORGIAN, JJ., concur.