# Third District Court of Appeal

## State of Florida

Opinion filed February 07, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-604
Lower Tribunal No. 16-12031
_____

**Bryan Williams a/k/a "Birdman",**
Appellant,

vs.

**Javier Nuno,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Alan R. Soven, P.A., and Alan R. Soven, for appellant.

Remer & Georges-Pierre, PLLC, and Anthony M. Georges-Pierre, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

ROTHENBERG, C.J.

Bryan Williams a/k/a "Birdman" ("the defendant") appeals a non-final order denying his supplemental motion to dismiss the complaint based on insufficiency of service of process, asserting that, contrary to the return of service, the person the process server gave the summons and complaint to does not reside at the defendant's usual place of abode as required under section 48.031(1)(a), Florida Statutes (2016).[1] For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Javier Nuno ("the plaintiff") filed suit against the defendant. The return of service reflects, in part, that on June 15, 2016, the process server delivered a copy of the complaint and summons to Cory Jones ("Mr. Jones") at the defendant's usual place of abode in Miami Beach, Florida, and that Mr. Jones is over the age of fifteen and a co-resident at the defendant's Miami Beach residence.

The defendant filed a supplemental motion to dismiss the complaint, along with his sworn affidavit, challenging the sufficiency of the substitute service of process. The motion to dismiss and the defendant's affidavit state that the defendant employs Mr. Jones as a security guard; Mr. Jones has never resided at the defendant's Miami Beach residence; Mr. Jones resides at a specific address in

---

[1] Section 48.031(1)(a) provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .

2

Hollywood Beach, Florida; Mr. Jones is not a member of the defendant's household; and Mr. Jones is not authorized to accept complaints on behalf of the defendant.

At the evidentiary hearing on the defendant's supplemental motion to dismiss, the return of service and the defendant's affidavit were introduced into evidence. In addition, Mr. Jones and the process server testified.

Mr. Jones testified that on June 15, 2016, he went to the front gate of the defendant's Miami Beach residence because he saw someone taking pictures. A process server then handed him a complaint, but the process server never asked Mr. Jones if he resided at the defendant's Miami Beach residence or if he was a member of the defendant's household. Mr. Jones testified that he provides private security services to the defendant; he has never resided at the defendant's Miami Beach residence; he resides at a specific address in Hollywood Beach, Florida; he is not a member of the defendant's household; and he does not have the authority to accept a complaint on behalf of the defendant. Mr. Jones's testimony was not corroborated with any documentation, such as a driver's license, a lease of his alleged Hollywood Beach residence, or utility bills associated with the specific Hollywood Beach address.

In contrast, the process server testified that, prior to identifying himself as a process server, he asked Mr. Jones if he lived at the defendant's Miami Beach

3

residence, and in response, Mr. Jones stated, "Yes, I do live here." Thereafter, he asked Mr. Jones if the defendant was home, and after Mr. Jones responded that the defendant was not, he identified himself as a process server and gave the complaint and summons to Mr. Jones, who is over the age of fifteen and a co-resident at the defendant's Miami Beach residence.

At the conclusion of the evidentiary hearing, the trial court stated that it considered the witnesses' demeanor, frankness, and ability to remember matters relating to their testimony; the interest each witness has in the outcome of the case; and the reasonableness of their testimony. Based on these considerations, the trial court found that the process server was credible and that the service of process was valid, and the trial court denied the defendant's supplemental motion to dismiss the complaint. The defendant's non-final appeal followed.

## II. ANALYSIS

To the extent the trial court's ruling on the supplemental motion to dismiss the complaint involves questions of law, our review is de novo. See Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 179 (Fla. 3d DCA 2011). However, a trial court's factual determinations, including credibility determinations, are ordinarily not disturbed on appeal. See Davidian v. JP Morgan Chase Bank, 178 So. 3d 45, 48-49 (Fla. 4th DCA 2015).

The party invoking the court's jurisdiction has the burden of proving proper

4

service of process. See Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 471 (Fla. 5th DCA 2007). "If the return [of service] is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by **clear and convincing evidence**." Id. (emphasis added); see also Koster v. Sullivan, 103 So. 3d 882, 884 (Fla. 2d DCA 2012); Robles-Martinez, 88 So. 3d at 179-80.

In the instant case, the parties do not dispute that the return of service was regular on its face. As such, the service of process was presumed valid, and the defendant, as the party challenging the service of process, had the burden of overcoming this presumption by clear and convincing evidence. By denying the supplemental motion to dismiss and finding that the service of process was valid, the trial court determined that the defendant had not overcome the presumption of validity by clear and convincing evidence. The trial court's ruling was based on a credibility determination after receiving conflicting testimony from the only two witnesses—the process server and Mr. Jones—and a determination that the process server was credible. As we defer to the trial court's credibility determination, we affirm the trial court's order denying the defendant's supplemental motion to dismiss the complaint.[2] See Evans v. Thornton, 898 So. 2d 151, 152 (Fla. 4th DCA 2005) ("When the trial court's decision is based on live testimony, the appellate

---

[2] As we are affirming the order under review, we need not address the plaintiff's argument that the defendant waived his insufficient service of process defense.

5

court defers to the trial court's determination as to the credibility of witnesses."); Sinclair v. Sinclair, 804 So. 2d 589, 592 (Fla. 2d DCA 2002) ("The trial court is in the best position to weigh the evidence and to determine the credibility of the witnesses, and it is not for [the reviewing court] to re-weigh the evidence or to substitute its judgment for that of the trial court.").

Affirmed.