# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0973
Lower Tribunal No. 19-27344
_____

**Pamela Levy,**
Appellant,

vs.

**Shaun Donnenfeld,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellant.

Kaplan Loebl LLC, and Amanda B. Haberman, and Liliana Loebl, for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, Pamela Levy, the mother, challenges a final judgment of dissolution awarding appellee, Shaun Donnenfeld, the father, disproportionate time-sharing and sole decision-making authority as to the medical needs of the two minor children of the marriage. Because the trial court alone has the authority to render credibility determinations, the record supports the proposition the issue of medical decision-making authority was tried by consent, and the decision below is supported by competent, substantial evidence, we find no error in either determination. See Williams v. Nuno, 239 So. 3d 153, 155 (Fla. 3d DCA 2018) ("[A] trial court's factual determinations, including credibility determinations, are ordinarily not disturbed on appeal."); Smith v. Smith, 971 So. 2d 191, 194–95 (Fla. 1st DCA 2007) ("[A]lthough Former Husband did not initially seek shared parental responsibility, we note that issues not raised by the pleadings nevertheless can be tried by express or implied consent and, in such instances, may be treated by the trial court as if they had been properly pled."); Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012) ("A trial court's time-sharing plan must be affirmed if there is competent substantial evidence to support that decision and reasonable people could differ with respect to the trial court's decision."). Further finding

2

the mother has a myriad of alternative avenues to enforce the monetary provisions of the final judgment, we affirm the remaining issues on appeal.

Affirmed.