# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1324
Lower Tribunal No. 18-11896
_____

**Promenade Charters V.I., Ltd.,**
Appellant,

vs.

**Caribbean Insurers Marine Limited, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Perry & Neblett, P.A., and David Avellar Neblett, and John A. Wynn, for appellant.

Horr, Skipp & Perez, PA, and William B. Milliken and Craig P. Liszt, for appellees.

Before LOGUE, C.J., and LINDSEY, and BOKOR, JJ.

LINDSEY, J.

Appellant Promenade Charters V.I., a British Virgin Islands entity, appeals from a final order dismissing its marine insurance claim for lack of personal jurisdiction against Appellees Caribbean Insurers Marine and Caribbean Alliance Insurance (collectively, the "Insurers"), two foreign corporations.[1] The trial court determined that jurisdiction was proper under Florida's long-arm statute but dismissed based on insufficient minimum contacts. We affirm the dismissal as more fully set forth below.

## I.    BACKGROUND

Promenade owned a yacht in the British Virgin Islands. In July 2017, the yacht was damaged by fire. It is undisputed that the yacht was registered, flagged, and regularly berthed in the British Virgin Islands and that it had never been to Florida or the navigable waters of the continental United States. According to the allegations in the Operative Complaint, Promenade made numerous requests for the full limit of coverage but was "advised that an Examination Under Oath was required under the policy."

The Insurers hired Nautilus Investigations to conduct an examination under oath of Kenneth Webb, Promenade's principal shareholder. The examination took place in Florida, where Webb moved within a week of the

---

[1] Caribbean Alliance is an insurer incorporated in Antigua and Barbuda. Caribbean Insurers is Caribbean Alliance's agent in the British Virgin Islands.

2

fire. During the examination, Nautilus's representatives informed Webb that their sole role was to receive his statement under oath:

> We're here on behalf of your insurers. They've requested that we receive your statement. That's our goal is to receive a statement under oath. That is our only role.
>
> . . . .
>
> Like I said, we're only here to take the statement. That's our job, flat out. That's it.

Following the examination, Promenade filed the underlying multi-count Complaint in Florida against the Insurers based on their failure to pay. With respect to jurisdiction, the Complaint alleges that the Insurers are licensed to do business in the State of Florida and that they conduct continuing and systematic business in Miami-Dade County. The Complaint also alleges the Insurers conduct business in Florida through their agent Nautilus.

The Insurers moved to dismiss for lack of personal jurisdiction arguing that they are in fact foreign corporations and that they are not licensed to do business in Florida, nor do they conduct any business in Florida. The Insurers also argued that they hired Nautilus only to obtain an examination under oath of Webb and that Nautilus was not their agent. The Insurers attached several declarations in support of their motions.

3

The trial court held a limited evidentiary hearing. The court heard testimony from the Insurers' representatives, both of whom testified that they are foreign corporations that conduct no business in the State of Florida. The representatives also testified that Nautilus was only hired to receive a statement under oath from Webb and that this was the first and only time they have ever hired Nautilus. A representative from Nautilus also testified that its sole role was to obtain Webb's statement. All three representatives consistently testified that Nautilus had no authority to adjust or settle the claim.[2]

Promenade argued that the Insurers were operating, conducting, engaging in, or carrying on a business in Florida through Nautilus, their agent. Promenade also argued that the Insurers breached a contract in Florida because they failed to pay Webb, who resided in Florida. Following the hearing, the trial court issued a detailed, well-written Order granting the Insurers' motions and dismissing Promenade's action for lack of personal jurisdiction. Promenade timely appealed.

## II.    ANALYSIS

---

[2] Promenade asserts that Nautilus had full authority to adjust and settle the claim but points to no statement by the Insurers or Nautilus to support this assertion.

4

We generally review a trial court's ruling on a motion to dismiss for lack of personal jurisdiction de novo. See, e.g., Sayers Constr., LLC v. Timberline Constr., Inc., 306 So. 3d 275, 278 (Fla. 3d DCA 2020). "However, where 'the trial court's decision is based on live testimony, the appellate court defers to the trial court's determination as to the credibility of witnesses.' Thus, with respect to the determination of facts, we defer to the trial court. With respect to the application of those facts to the law, we review de novo." Corporacion Aero Angeles, S.A. v. Fernandez, 69 So. 3d 295, 298 (Fla. 4th DCA 2011) (quoting Evans v. Thornton, 898 So. 2d 151, 152 (Fla. 4th DCA 2005)).

The trial court followed the two-step analysis set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989):

> [A] trial court must determine whether: (1) there exist sufficient jurisdictional facts to bring the action within the purview of Florida's long-arm statute, section 48.193, Florida Statutes; and (2) whether the foreign corporation possesses sufficient minimum contacts with Florida to satisfy federal constitutional due process requirements.

Highland Stucco & Lime Prods., Inc. v. Onorato, 259 So. 3d 944, 948 (Fla. 3d DCA 2018) (citing Venetian Salami, 554 So. 2d at 501-02).

With respect to the first step (the statutory inquiry):

> [T]he plaintiff bears the burden of pleading sufficient jurisdictional facts to fall within the long-arm statute. If the allegations in the complaint sufficiently establish long-arm jurisdiction, then the burden shifts

5

> to the defendant to contest the jurisdictional allegations . . . by way of affidavit or other similar sworn proof. If properly contested, the burden then returns to the plaintiff to refute the evidence submitted by the defendant, also by affidavit or similar sworn proof. If the parties' sworn proof is in conflict, the trial court must conduct a limited evidentiary hearing to resolve the factual dispute.

Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa, 241 So. 3d 938, 941-42 (Fla. 3d DCA 2018) (citations and internal quotation marks omitted).  This procedure was followed below.

On appeal, Promenade continues to argue that the Insurers were "[o]perating, conducting, engaging in, or carrying on a business" in Florida through Nautilus, their agent.  See § 48.193(1)(a)(1), Fla. Stat. (2023).  We affirm without further discussion the trial court's well-reasoned determination that Nautilus is not the Insurers' agent.

However, we write to address Promenade's argument that the Insurers "[b]reach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state."  See § 48.193(1)(a)(7).  Specifically, that a breach occurred in Florida because the Insurers failed to make a payment to Webb in Florida.

It is undisputed that the Insurance Policy does not contain any terms requiring payment in Florida and that the Policy is silent as to the place of

payment.  The trial court correctly determined that this does not satisfy the

plain language of the long-arm statute:

> [I]t is a departure from the plain statutory language -
> - an "act required by the contract to be performed in
> this state" -- to allow for jurisdiction for failing to
> perform an act on which the contract is silent. How
> did the Defendants fail to perform any act "required
> by the contract to be performed" in Florida? How can
> there be an act "required by a contract" if the contract
> is silent as to that act? Any entity anywhere could be
> sued in Florida if the aggrieved party merely moves
> here and requests that payment be made here.
> Moreover, suit in Florida was certainly not
> contemplated by this contract. It could not have been
> – all parties resided in the [British Virgin Islands]
> when the policy was issued.

Despite this, the trial court determined that the long-arm statute was

satisfied based on this Court's opinion in Johnny's Pool Super Ctr., Inc. v.

Foreverpools Caribbean, LLC, 307 So. 3d 832 (Fla. 3d DCA 2020):[3]

> I recognize that in [Johnny's Pool], the court
> found the long-arm statute was satisfied by the
> foreign defendant's failure to make payments in
> Florida where some payments had already been
> made in Florida. But I believe [the] appellate courts
> should reexamine the exercise of personal
> jurisdiction over foreign entities for failure to make
> payments in Florida if the contract in question is silent
> on this term. This is, in my view, an incorrect

---

[3] Having determined that the long-arm statute was satisfied, the trial court went on to address Venetian Salami's due process prong.  The court correctly concluded that the Insurers had insufficient minimum contacts with Florida to satisfy due process.

7

interpretation of the long-arm statute's language and an incorrect application of caselaw on venue.

. . . .

While I am unconvinced that the failure of the Defendants to pay the claim in Florida constitutes "failing to perform acts required by the contract to be performed in this state," I am bound by [Johnny's Pool] and must presume that section (1)(a)7 of the long-arm statute is satisfied by the Defendants' failure to pay policy limits in the State of Florida, as requested by the Plaintiff.

In Johnny's Pool, this Court did not hold that the long-arm statute was satisfied where the contract terms were silent as to the place of payment. To the contrary, the contract in Johnny's Pool expressly required payment in Florida, as is stated several times in this Court's opinion:

- "**In compliance with the contract**, Johnny's made several payments to Foreverpools via wire transfer to Ocean Bank in Miami." Id. at 835 (emphasis added).

- "Foreverpools filed a memorandum in opposition, arguing that the complaint alleged sufficient jurisdictional facts to bring the cause within the ambit of Florida's long-arm statute—**i.e., the contract required payment in Miami, Florida** . . . ." Id. (emphasis added).

- "The record on appeal supports the jurisdictional allegation that Johnny's breached the contract by failing to make payments in Florida **as required under the contract**." Id. at 836 (emphasis added).

Consistent with this Court's opinion, the contract in the record in Johnny's Pool contains an express provision on the "form of payment" and identifies Ocean Bank in Coral Gables, Florida as the place where payment

8

is to be made.[4]  Johnny's Pool is therefore not in conflict with the plain language of Florida's long-arm statute.

Here, unlike in Johnny's Pool, the contract at issue, an Insurance Policy, does not contain any language requiring payment in Florida.  Indeed, the Complaint itself states that "[t]he subject policy of insurance does not contain an express agreement as to the place of payment."  Consequently, section 98.193(1)(a)(7) is not satisfied.  Promenade has therefore failed to establish sufficient jurisdictional facts to bring its action within the ambit of the long-arm statute.

III.    CONCLUSION

We affirm the trial court's dismissal of Promenade's action for lack of personal jurisdiction because Promenade failed to satisfy the requirements of Florida's long-arm statute.

Affirmed.

---

[4] "A court may take judicial notice of . . . (6) Records of any court of this state . . . ."  § 90.202, Fla. Stat. (2023).

9