DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DUNHAM TRUST COMPANY,**
Appellant,

v.

**RUTH SURREY,**
Appellee.

No. 4D2025-1889

[April 29, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin Singer, Judge; L.T. Case No. 062025CA002470AXXXCE.

Jon Scuderi of Goldman Felcoski & Stone, P.A., Naples, for appellant.

Michael J. Labbee, Tyler A. Hayden, and Natalie P. Thomas of Phillips, Hayden & Labbee, LLP, St. Petersburg, for appellee.

CIKLIN, J.

Dunham Trust Company ("DTC") appeals an order denying its motion to dismiss for lack of personal jurisdiction. DTC, a Nevada corporation, argues that it lacks sufficient minimum contacts with Florida to allow the state's courts to exercise personal jurisdiction over it consistent with due process requirements. We agree and reverse and remand with instructions to dismiss the complaint.

**Background**

The litigation concerns a trust created by Mildred Surrey in 2001 for the benefit of her two children, Lewis and Ruth, prior to her death in 2005. Mildred was a Florida resident when the trust was created, and the trust instrument states that its "validity and interpretation" shall be governed by Florida law.

In 2014, DTC was appointed as a successor co-trustee of Mildred's trust. Lewis was the other co-trustee. When DTC was appointed, Lewis

was a California resident and Ruth was a Nevada resident. Lewis later moved to Florida.

Ruth filed a complaint against DTC in Broward County circuit court stating causes of action for breach of fiduciary duty, unjust enrichment, and accounting. She alleges that Lewis misappropriated millions of dollars in trust assets, and DTC breached its fiduciary duties by either facilitating or failing to prevent Lewis's misconduct.

DTC moved to dismiss the complaint for lack of personal jurisdiction. DTC conceded that the complaint sufficiently alleged a basis for jurisdiction under section 736.0202(2)(a)3., Florida Statutes (2024), because Mildred was a Florida resident when the trust was created. But DTC argued that it lacks sufficient minimum contacts with Florida to allow the court to exercise jurisdiction consistent with due process requirements.

To support its motion, DTC submitted an affidavit executed by its President and Chief Trust Officer, Ann Rosevear. Rosevear attested that: DTC is incorporated in Nevada and is licensed as a trust company in Nevada, Wyoming, and Colorado; its only offices are in Nevada; it does not maintain an office in Florida or conduct any business there; and all of DTC's duties in administering Mildred's trust are handled in Nevada and are governed by Nevada law.

Ruth responded with an affidavit in which she attested that DTC had purposefully availed itself of conducting business in Florida by agreeing to serve as co-trustee of a trust created by a Florida resident and governed by Florida law. Ruth also attested that DTC had "connected its trusteeship to Florida" by sending trust-related communications, such as account statements, invoices, and wire transfer confirmations, to Lewis after he moved to Florida.

The trial court denied DTC's motion to dismiss. The court agreed with Ruth's argument that DTC had established a sufficient connection with Florida by acting as co-trustee of Mildred's trust.

DTC filed a timely notice of appeal.

**Analysis**

We review the trial court's order denying DTC's motion to dismiss de novo. *Karisma Hotels & Resorts Corp. Ltd. v. Hoffman*, 400 So. 3d 10, 14 (Fla. 4th DCA 2025).

2

Determining whether a Florida court can exercise personal jurisdiction over a nonresident defendant involves a two-step analysis: (1) whether the complaint sufficiently alleges a statutory basis for the exercise of jurisdiction, and (2) whether the defendant has sufficient minimum contacts with the state to allow the court to exercise jurisdiction consistent with due process requirements. *Id.* (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

Here, DTC concedes that the complaint sufficiently alleges a statutory basis for jurisdiction. The issue on appeal is whether DTC has sufficient minimum contacts with Florida to satisfy due process requirements.

The minimum contacts test asks whether the defendant's "suit-related conduct" created a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The defendant, by his own conduct, must have "purposefully avail[ed]" himself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985) (citation omitted); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (stating that the defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there").

The relevant facts in this case are undisputed. Ruth maintains that DTC established sufficient minimum contacts with Florida by: (1) agreeing to serve as co-trustee of a trust created by a Florida resident and containing a Florida choice-of-law provision, and (2) sending trust-related communications to Lewis after he moved to Florida.

The United States Supreme Court considered this issue under similar facts in *Hanson v. Denckla*, 357 U.S. 235 (1958). In that case, a Pennsylvania resident executed a trust instrument in Delaware and appointed a Delaware company as trustee. *Id.* at 238. The settlor later moved to Florida, where she executed a power of appointment in which she appointed a portion of the trust assets to two other trusts. *Id.* at 239. After the settlor's death, two beneficiaries of a residuary clause in her will filed suit in Florida, alleging that the original trust instrument was invalid. *See id.* at 239-43. The suit named the Delaware trustee among other defendants. *Id.* at 240-41. The case travelled to the Supreme Court on several issues, including whether the Delaware trustee had a "sufficient affiliation" with the state of Florida to allow the state's courts to exercise personal jurisdiction over it. *See id.* at 250-51.

The Supreme Court held that the trustee's actions were insufficient to sustain the Florida court's exercise of personal jurisdiction because the trustee had not purposefully availed itself of conducting business in Florida. *Id.* at 253-54. The Court noted that the trustee did not have an office in Florida or conduct any business there, had not solicited any business there, and had not administered any of the trust assets there. *Id.* at 251. The Court explained that the cause of action did not arise out of an "act done or transaction consummated" in Florida, and the trust was connected to Florida only by the settlor's "unilateral activity" in moving to the state and executing the power of appointment there. *Id.* at 251-53. The Court concluded that the trustee's remitting of trust income to the settlor after she moved to Florida was insufficient to create the necessary relationship with the state. *Id.* at 252. The Court also acknowledged the Florida Supreme Court's ruling that Florida law applied to determine the validity of the trust and the power of appointment, but it held that ruling did not confer personal jurisdiction over the Delaware trustee even if it was correct for choice-of-law purposes. *Id.* at 253.

Like the nonresident trustee in *Hanson*, DTC is not subject to personal jurisdiction in Florida because it did not purposefully avail itself of the privilege of conducting business in Florida. Although DTC agreed to serve as co-trustee of a trust created by a Florida resident, DTC was not a party to the trust instrument when it was executed in Florida, and no evidence indicates that DTC solicited the appointment as co-trustee or otherwise intentionally sought to create a relationship with Florida. DTC merely accepted the appointment and assumed its predecessor's duties. *See Hoag v. French*, 357 P.3d 153, 158 (Ariz. Ct. App. 2015) (holding that a Bahamian corporation did not purposefully avail itself of conducting business in Arizona by accepting an appointment as successor trustee of a trust created by an Arizona resident); *see also Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 292 (1st Cir. 1999) (stating that, to establish purposeful availment, "it is not enough to prove that a defendant agreed to act as the trustee of a trust that benefitted a resident of the forum state"; instead, the defendant must have "actually reached out to the [forum state] to *create* a relationship") (emphasis in original).

The trust's choice-of-law provision is immaterial because a choice-of-law provision alone is insufficient to confer personal jurisdiction over a nonresident defendant. *See Burke Prods., Inc. v. Access Elecs., LLC*, 311 So. 3d 145, 148 (Fla. 2d DCA 2020). *See also Hanson*, 357 U.S. at 253.[1]

---

[1] We also note that the choice-of-law provision would not have caused DTC to reasonably foresee being sued in Florida for claims related to its administration of the trust, which Ruth did not dispute occurred in Nevada. The choice-of-law

4

We also reject the argument that DTC created a sufficient connection with Florida by sending routine trust-related communications to Lewis while Lewis resided in Florida. The minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. DTC did not create any significant relationship with Florida by sending account statements, invoices, and wire transfer confirmations to Lewis after he moved here. *See Hanson*, 357 U.S. at 252 (holding that the Delaware trustee did not establish a sufficient connection with Florida by remitting trust income to the settlor after she moved to Florida); *Rose v. Firstar Bank*, 819 A.2d 1247, 1252 (R.I. 2003) (holding that an Ohio trustee did not establish minimum contacts with Rhode Island by sending statements and checks to beneficiaries who lived in Rhode Island); *Hoag*, 357 P.3d at 158-59 (holding that the Bahamian trustee did not establish minimum contacts with Arizona by sending trust payments and documents to the settlor in Arizona).

Further, Ruth did not show that the communications which DTC sent to Lewis in Florida were related to her causes of action. *See Walden*, 571 U.S. at 284 (stating that the defendant's "suit-related conduct" must create a substantial connection with the forum state); *Corporacion Aero Angeles, S.A. v. Fernandez*, 69 So. 3d 295, 299 (Fla. 4th DCA 2011) (stating that the defendant's contacts with the forum state "must be related to the plaintiff's cause of action or have given rise to it").

Ruth's causes of action arise from DTC's administration of the trust, which she did not dispute occurred solely in Nevada. Any decisions which DTC made in connection with the trust, including decisions related to its alleged facilitation of or failure to prevent Lewis's misconduct, were necessarily made in Nevada and were connected to Florida only by Lewis's unilateral activity in moving here after DTC accepted the appointment as co-trustee. *See Hanson*, 357 U.S. at 251-54; *Rose*, 819 A.2d at 1254 (holding that claims related to the Ohio trustee's alleged mismanagement of the trust arose from decisions that were necessarily made in Ohio, where

---

provision applies only to the "validity and interpretation" of the trust instrument; the provision does not specify where the trust must be administered nor require the administration to be governed by any particular law. *See generally Silver v. Horneck*, 216 N.E.3d 970, 979-81 (Ill. App. Ct. 2021) (holding that a provision in a trust document stating that the "validity and effect" of the trust would be governed by Illinois law did not constitute a designation of Illinois as the principal place of administration for the purpose of applying the Illinois long-arm statute).

the trust was administered, not from the trustee's periodic communications with the beneficiaries in Rhode Island).

In summary, we conclude that the trial court erred in denying DTC's motion to dismiss for lack of personal jurisdiction because the undisputed facts do not establish that DTC purposefully created a sufficient connection with Florida to allow our courts to exercise personal jurisdiction over DTC consistent with due process requirements. To hold otherwise would subject any nonresident trustee to personal jurisdiction in Florida based on the residence of a settlor or beneficiary, which would be inconsistent with well-established constitutional principles.

We therefore reverse the trial court's order and remand with instructions to dismiss the complaint.

*Reversed and remanded.*

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***