760 So.2d 273 (2000)
John Christopher POE and Kimberly J. Poe, Appellants,
v.
The MARINE GROUP OF PALM BEACH, INC., a Florida corporation, Appellee.
No. 4D99-2775.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
*274 Randy D. Ellison and James H. Hicks, West Palm Beach, for appellants.
Richard S. Tolbert and Joseph L. Thillman of Joseph L. Thillman, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a non-final order of the circuit court which denied the defendants' motion to dismiss for lack of personal jurisdiction. The lawsuit arises from a contract between The Marine Group of Palm Beach, Inc., a Florida corporation, and the appellants, John and Kimberly Poe, residents of Maryland, wherein the Poes allegedly gave The Marine Group the exclusive right to sell a 31-foot vessel in exchange for a 10% commission. The lawsuit alleged that John Poe notified The Marine Group of his intention to terminate the listing agreement and to keep the vessel rather than sell it, but that the Poes later sold the vessel to a third party, thereby breaching the contract to pay The Marine Group a sales commission. The Poes are full-time residents of Maryland where the vessel is, and has been, located. The lawsuit alleges that pursuant to the terms of the contract, certain acts were to be performed by both parties in Florida in furtherance of the contract.
We reverse. The jurisdictional allegations by appellee were sufficient under section 48.193(1)(g), Florida Statutes (1997)(applying long-arm jurisdiction to claims of breach of contract where it is alleged that the defendants failed to perform acts required by the contract to be performed in this state), and were not directly factually disputed by the Poes' affidavit. But, the trial court erred in failing to hold an evidentiary hearing on the disputed issues concerning whether there were sufficient minimum contacts with the State of Florida to satisfy due process requirements in having the case litigated here. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989); QSR, Inc. v. Concord Food Festival Inc., No. 4D99-0284, 2000 WL 173752, ___ So.2d ___ (Fla. 4th DCA Feb.16, 2000); World Class Yachts, Inc. v. Murphy, 731 So.2d 798 (Fla. 4th DCA 1999); Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838 (Fla. 4th DCA 1997).
Reversed and remanded for further proceedings consistent with this opinion.
STONE, STEVENSON and HAZOURI, JJ., concur.