867 So.2d 434 (2004)
SMITH ARCHITECTURAL GROUP, INC., Appellant,
v.
Christel DEHAAN, Appellee.
No. 4D03-1146.
District Court of Appeal of Florida, Fourth District.
February 4, 2004.
*435 Jacqueline S. Miller of Chopin & Miller, West Palm Beach, for appellant.
John R. Hamilton and Anthony D. Conti of Foley & Lardner, Orlando, for appellee.
SHAHOOD, J.
This is an appeal by Smith Architectural Group, Inc. (the Smith Group), from the Final Order of Dismissal of its complaint against appellee, Christel Dehaan (Dehaan) for lack of personal jurisdiction. We hold that the trial court erred in dismissing appellant's complaint.
Dehaan is a resident of Indianapolis, Indiana, and lives and works in Indianapolis. In August 2001, she was in the process of building a personal residence in Indianapolis and directed her construction consultant to contact several architects. The consultant contacted the Smith Group, located in Palm Beach County, Florida, after reading a feature about the firm in a national magazine. Jeffrey Smith (Smith), a representative of the Smith Group, expressed an interest in the project and met with Dehaan and her consultant in Indiana to discuss it. On his return to Palm Beach County, Smith prepared an agreement for architectural services and mailed it to Dehaan in Indiana, where she executed it and mailed it back to Palm Beach County. No meetings were ever held in Palm Beach County.
When Dehaan refused to pay for the architectural services, the Smith Group commenced an action in the Circuit Court of Palm Beach County, Florida, against her seeking to recover payment of monies due for the professional services. Dehaan's motion to dismiss for lack of personal jurisdiction was granted by the trial court.
Prior to the hearing on the motion to dismiss, Smith's affidavit was submitted on behalf of the Smith Group. He stated that his business is located in Palm Beach, Florida, and the architects are licensed in Florida. Most of their work is done on "high end" residential properties in Palm Beach, although a handful of their contracts are for out-of-state projects. The firm does not advertise inside or outside of Florida, but has been honored by the publication of photographs of a number of its projects in national magazines. The firm has no website and only a yellow pages listing. Smith pointed out that his firm was solicited by Dehaan's consultant with phone calls, faxes and letters to Palm Beach County. According to Smith, there were "innumerable telephone conversations" relating to the Dehaan project from his office in Palm Beach. The design work for the project was done at their offices in Palm Beach, but was presented to the client in person in Indianapolis.
In determining whether a Florida court has personal jurisdiction over a nonresident, two inquiries must be made. See Northwestern Aircraft Capital Corp. v. Stewart, 842 So.2d 190 (Fla. 5th DCA 2003). The court must first consider whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, section 48.193, Florida Statutes (2002), i.e., whether defendant performed any of the acts delineated in the statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). If such facts are alleged, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements of the United States Constitution. *436 Id. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." Taskey v. Burtis, 785 So.2d 557, 559 (Fla. 4th DCA 2001).
"Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state" is one of the enumerated acts which will subject a person to jurisdiction in Florida. See § 48.193(1)(g). Appellants argue that the trial court has jurisdiction because the contract for architectural services was performed in this state and payment was to be received in this state. See generally Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 676 (Fla. 5th DCA 1987) (where a contract does not state the place where payment is due, the legal presumption is that a debt is to be paid at the creditor's place of business). Further, appellants maintain that due process requirements have been met because it was Dehaan who, through an agent, solicited the firm in Florida; therefore, she could reasonably expect to defend an action on the contract in this state.
It is sufficient for purposes of the first prong of the test that the contract between the parties in this case was made with a Florida resident and payment was to be made in this state. See Stomar, Inc. v. Lucky Seven Riverboat Co., 821 So.2d 1183 (Fla. 4th DCA 2002) (allegation that owner of vessel breached agreement with Florida ship broker by failing to pay commission owed to broker in Florida sufficient to satisfy first prong of jurisdictional inquiry); see also Tallmadge v. Mortgage Fin. Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993) (requirements of long-arm statute met where Florida mortgage broker obtained refinancing of a mortgage on a California property and closing was held in California, but commission agreement as well as all loan documents, correspondence, and checks were sent to broker's Florida office); Poe v. Marine Group of Palm Beach, Inc., 760 So.2d 273, 274 (Fla. 4th DCA 2000) (Florida long-arm statute requirements met where Maryland residents gave Florida corporation exclusive right to sell yacht located in Maryland in exchange for commission and contract required some action by both parties in Florida). Although such activities do not necessarily satisfy the second prong of the inquiry, see, e.g., Venetian Salami, 554 So.2d at 501, 503 (explaining that a nonresident's contract with a Florida resident alone, or the mere failure to pay money in Florida, cannot automatically establish sufficient minimum contacts to warrant the exercise of long-arm jurisdiction), the additional fact that a substantial portion of the contract is to be performed in Florida, or substantial services are to be rendered in Florida, does satisfy the minimum contacts requirement. See Stomar, 821 So.2d at 1185-86 (due process requirements met where, in addition to execution of contract with Florida resident and failure to make payment in Florida, the brokerage agreement required broker to perform substantial services in Florida on behalf of the vessel owner in marketing and negotiating the sale of the vessel); see also Hartcourt Cos. v. Hogue, 817 So.2d 1067, 1071 (Fla. 5th DCA 2002) ("where a nonresident defendant enters a contract through its agent in Florida, for services to be performed in Florida, the defendant purposely avails itself of the privilege of conducting activities in Florida, thus invoking the benefits and protections of its law").
In this case, the complaint alleged sufficient jurisdictional activity to bring this action within Florida's long-arm statute. Dehaan contracted with a Florida *437 company and agreed to make payment to the company in Florida. In addition, the second prong of the analysis is satisfied by the fact that the services to be performed by the Smith Group under the parties' contract were to be, and were, performed in Florida. Finally, it is also important that it was Dehaan, through her agent, who initially contacted the Smith Group in Florida and solicited their participation in the building project. See Venetian Salami, 554 So.2d at 503.
We, accordingly, reverse the final order of dismissal and remand for further proceedings.
REVERSED AND REMANDED.
STEVENSON, J., and GEIGER, DWIGHT L., Associate Judge, concur.