KLEIN, J.
The issue in this appeal is whether the failure of a California corporation to remit money to a Florida corporation which retained it to perform work in California, subjects the California corporation to personal jurisdiction in Florida. We hold that it does not.
The Florida corporation, which publishes a magazine, contracted with the California corporation to sell advertising. The territory to be covered was “all territories,” but the contract provided that it was executed in, and intended to be performed in California and that California law would govern its interpretation. The *403 California corporation was to bill advertisers, collect the money, deduct a twenty percent commission, and pay the Florida corporation the remainder.
After the California corporation sued the Florida corporation in California, alleging breach of contract, the Florida corporation filed this suit, alleging civil theft and conversion. The facts which formed the basis of the Florida claims were that, by failing to forward the net advertising receipts after deducting its commissions to Florida, the California corporation committed civil theft, conversion, or breach of contract to be performed in Florida. Committing a tort in Florida or breaching a contract in Florida, would give Florida courts jurisdiction under section 48.193, Florida Statutes (2002).
The Florida corporation relies on Stomar, Inc. v. Lucky Seven Riverboat Company, L.L.C., 821 So.2d 1183 (Fla. 4th DCA 2002). In that case we held that a brokerage agreement for the sale of a ship owned by a non-resident seller, requiring payment in Florida, subjected the owners of the ship to jurisdiction in Florida. Sto-mar is distinguishable, however, in that the brokerage contract required plaintiff to render substantial services in Florida in marketing and negotiating the sale of the vessel. We noted that the case was different from Venetian Salami Company v. Parthenais, 554 So.2d 499 (Fla.1989), in which the Florida Supreme Court held that the mere failure to pay money in Florida would not satisfy the due process requirement of minimum contacts under International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
The Florida corporation has not cited a single case in which personal jurisdiction has been upheld in Florida based on the commission of a tort or breach of contract under similar facts. Assuming that the California corporation did commit civil theft or conversion, the improper retention of the property occurred entirely in California. The breach of contract to be performed in Florida theory fails for the same reason, in that there were no services to be performed under this contract in Florida. This is, accordingly, one of those cases in which there was a “mere failure to pay money in Florida,” and no personal jurisdiction over the non-resident. Venetian Salami, 554 So.2d at 503. Affirmed.
GROSS and MAY, JJ., concur.