920 So.2d 1226 (2006)
P. Thomas BOHLANDER, Appellant,
v.
ROBERT DEAN & ASSOCIATES YACHT BROKERAGE, INC., Appellee.
No. 3D05-1941.
District Court of Appeal of Florida, Third District.
February 22, 2006.
*1227 Gray Robinson, P.A. and Michael J. Bittman (Orlando) and Monterey Campbell (Lakeland), for appellant.
Chapman & Galle and Craig T. Galle (West Palm Beach), for appellee.
Before LEVY, RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
The defendant, P. Thomas Bohlander ("Bohlander"), appeals from a non-final order denying his motion to dismiss for lack of personal jurisdiction. We reverse.
In 1996, Bohlander owned a 60-foot Viking motor yacht known as "Sunshine Man." In October of that year, Bohlander decided to sell the yacht and entered into a Central Agency Listing Agreement with Gilman Yacht Sales, Inc. of Palm Beach County ("Gilman"). The Agreement provided that Gilman would distribute information and advertise "Sunshine Man" on a multiple listing service known as the BUC Yacht Sales Network system, and generally "manage the sale of the Vessel." Although Florida law governed the agreement, no services were required to be performed in Florida under the agreement. Gilman listed "Sunshine Man" on the BUC system. The listing showed that the yacht was located in Lakeside, Ohio. Bohlander sold "Sunshine Man" to a purchaser in June, 1997.
Subsequently, in 2001, Robert Dean & Associates Yacht Brokerage, Inc. of Miami-Dade County ("Dean") filed suit for damages against Bohlander and others, claiming that it was the procuring cause of the sale of "Sunshine Man." Specifically, Dean alleged claims for breach of an implied contract, fraud, and conspiracy to commit fraud against Bohlander. The Complaint alleged that the court had jurisdiction over Bohlander, a Michigan resident, because he owned property in Delray Beach, Florida, and was engaged in the marketing and attempted sale of "Sunshine Man" in Florida.
After receiving the Complaint, Bohlander filed a motion for dismissal for insufficient service and lack of personal jurisdiction. Along with his motion, Bohlander filed an affidavit in which, among other things, he stated that other than the Central Agency Listing Agreement with Gilman, he made no efforts to sell or market "Sunshine Man" in Florida.
In response to Bohlander's motion, Dean filed an Amended Complaint in which it asserted that Bohlander, through the Central Agency Listing Agreement, agreed that "Sunshine Man" would be listed for sale, marketed and advertised in Florida, and that Florida law governed the Agreement. Dean supported its specific jurisdictional allegations with the deposition testimony of Bernard Campbell, a Gilman broker, along with certain documents. Among these documents were the statement of brokers' commissions and the seller's closing statement both of which were prepared on Gilman stationary.
After a hearing on Bohlander's Motion to Dismiss, the court denied Bohlander's defensive motion. The court stated that *1228 Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C., 821 So.2d 1183 (Fla. 4th DCA 2002), was controlling and found that "Bohlander had minimum contacts." Bohlander appeals from this Order.
Initially, we note that the standard of review for a trial court's denial of a motion to dismiss for lack of personal jurisdiction is de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., Ltd., 752 So.2d 582 (Fla.2000); Ileyac Shipping, Ltd. v. Riera-Gomez, 899 So.2d 1230 (Fla. 3d DCA 2005). In determining whether it has personal jurisdiction over a party, a trial court must first determine whether the Complaint alleges sufficient jurisdictional facts to bring the action within Florida's long-arm statute, Section 48.193, Florida Statutes (2005). If the Complaint properly alleges such facts, a trial court must consider whether the constitutional requirement of minimum contacts has been met. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Smith Architectural Group, Inc. v. Dehaan, 867 So.2d 434 (Fla. 4th DCA 2004).
The due process requirement of minimum contacts is not satisfied by a showing that a party has entered into a contract with a non-resident, or a showing that payment must be made in Florida. See Venetian Salami, 554 So.2d at 502; Group One Enters., Inc. v. Publishers' Representative, Inc., 899 So.2d 402 (Fla. 4th DCA 2005); Hartcourt Cos., v. Hogue, 817 So.2d 1067 (Fla. 5th DCA 2002); deMco Techs., Inc. v. C.S. Engineered Castings, Inc., 769 So.2d 1128 (Fla. 3d DCA 2000). The due process requirement may be satisfied, however, when it is established that a non-resident defendant entered into a contract with a Florida party for substantial services to be performed in Florida; in that situation, the defendant has purposely availed himself of the privilege of conducting activities in Florida. Smith Architectural, 867 So.2d at 436; see also Hartcourt Cos., 817 So.2d at 1071; Unger v. Publisher Entry Serv., Inc., 513 So.2d 674 (Fla. 5th DCA 1987).
In Stomar, Inc. v. Lucky Seven, 821 So.2d 1183 (Fla. 4th DCA 2002), the case upon which the trial court relied in entering its order, the Fourth District found sufficient minimum contacts between Florida and a non-resident seller of a vessel. In that case, the defendant, Lucky Seven, entered into a brokerage agreement with the plaintiff, a Florida ship broker. Under the brokerage contract, the Florida plaintiff was "effectually required ... to render substantial services in Florida on behalf of the non-resident owner in the marketing and negotiation of the sale of the vessel which was the object of the brokerage agreement." 821 So.2d at 1186. Thus, there was "no question from the evidence that Lucky Seven availed itself of the privilege of conducting business activities in Florida," specifically, brokerage services and negotiations. Therefore, Lucky Seven had sufficient contacts with Florida, including more than a mere obligation to make payment in Florida.
Unlike Stomar, the Record before us shows that Bohlander did not have sufficient contacts with Florida to meet due process requirements. The substantial services rendered in the sale of the yacht in this case were not performed in Florida. Although the Agreement with Gilman provided that Florida law would govern any dispute, and Dean supported its jurisdictional claim with certain closing documents that were prepared on Gilman stationary, Dean presented no other sworn evidence to counter the statements in Bohlander's affidavit that the substantial services relating to the sale of "Sunshine Man" occurred in Ohio, not Florida.
*1229 In his affidavit, Bohlander states that at all relevant times "Sunshine Man" was located in Ohio, he met the buyer in Ohio, the contract was written in Ohio, and the closing occurred in Ohio. Bohlander used an Ohio broker to handle the transaction, Gilman traveled to Ohio to complete the transaction, and the receipt of proceeds occurred in Ohio. Bohlander paid a commission to both Gilman and the Ohio broker. Other than listing the sale of the yacht with Gilman, which happened to be located in Palm Beach, Bohlander stated that he took no other actions in Florida to sell or market the yacht in Florida. The documents prepared on Gilman stationary and the deposition testimony of Campbell, relied upon by Dean, regarding the sale process for "Sunshine Man" do not establish that substantial services were performed in Florida.
Accordingly, Dean failed to demonstrate sufficient minimum contacts with Florida to sustain personal jurisdiction over Bohlander, a non-resident defendant. See deMco Techs., 769 So.2d at 1128; Group One Enters., 899 So.2d at 402.
We therefore reverse the trial court's order finding jurisdiction over Bohlander.
Reversed and remanded.