949 So.2d 268 (2007)
WOODARD CHEVROLET, INC., Appellant,
v.
TAYLOR CORPORATION d/b/a Progressive Communications International, Appellee.
No. 4D06-3093.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
*269 Devon G. Coughlan of Elk, Bankier, Christu & Bakst, LLP, Boca Raton, for appellant.
Craig Z. Sherar and Patricia M. Arias of Craig Z. Sherar, P.A., Miami, for appellee.
POLEN, J.
Appellant Woodard Chevrolet, Inc. ("Woodard") timely appeals a non-final order denying its motion to dismiss for lack of jurisdiction. Based on our analysis below, we hold that Woodard is not subject to jurisdiction in Florida as regards this dispute, and we therefore reverse with directions to enter an order granting Woodard's motion to dismiss for lack of jurisdiction.
Woodard is a California corporation that owns and operates automobile dealerships exclusively in Solano County, California. Appellee Taylor Corporation d/b/a Progressive Communications International ("PCI") is a Florida-based company that publishes and distributes marketing material via mail. Woodard and PCI executed an "Automotive Newsletter Direct Mail Marketing Service Agreement," in which PCI agreed to publish, print and mail some 10,000 marketing fliers six times a year to households consisting of current and former Woodard customers.[1] The content of the mailers specifically targeted Northern California households that may wish to purchase a vehicle from one of Woodard's dealerships in Solano County. The agreement was signed by Woodard's president in Solano County, and the PCI agent dealing with Woodard worked from PCI's sales office in Los Angeles, California. No meetings were held in Florida, nor did anyone from Woodard travel to Florida relative to the agreement.
Per the terms of the agreement, Woodard sent payments to PCI's office in Pompano Beach, Florida. PCI performed the design, production and printing in Florida, and mailed the brochures from Florida to recipients mostly located in California. However, of the 10,000 recipient households, thirty-eight were located in Florida. This was apparently due to former Woodard customers moving from California to Florida, as Woodard's original mailing list contained California addresses only.
Almost four years into the agreement, PCI filed an action in the Seventeenth Judicial Circuit, in Broward County, Florida, seeking to recover payment of monies due for services rendered to Woodard. The complaint set forth the basis of jurisdiction as follows:
Woodard is a California corporation doing business in interstate commerce and in the State of Florida and in Broward County. Pursuant to Florida Statute § 48.193(1)(a), jurisdiction is proper in Broward County because Woodard has engaged in a business venture in the State of Florida and pursuant to Florida Statute § 48.193(1)(g) has breached a *270 contract, which required payment in Broward County, Florida. Payment is required to be made at 3300 Gateway Drive, Pompano Beach, Florida.
Woodard filed a motion to quash summons and to dismiss based on Florida's alleged lack of personal jurisdiction. The trial court held a hearing and denied the motion, finding that Woodard's contract with a Florida corporation to print and disseminate flyers for it out of a Florida location and accept payments for it into a Florida location provided sufficient contacts to establish jurisdiction.
An appellate court must conduct a de novo review of a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002).
Florida has a two-step inquiry for determining whether there is long-arm jurisdiction over a nonresident defendant in Florida. Wendt, 822 So.2d at 1257. First, the court must determine whether the plaintiff's complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute, i.e., whether defendant performed any of the acts delineated in the statute. Id. If such facts are alleged, it must determine whether there are sufficient minimum contacts between the defendant and Florida to satisfy the Fourteenth Amendment's due process requirements. Id. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." Taskey v. Burtis, 785 So.2d 557, 559 (Fla. 4th DCA 2001).
"Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state" is one of the enumerated acts which will subject a person to jurisdiction in Florida. See § 48.193(1)(g), Fla. Stat. (2006). It is sufficient for purposes of the first prong of the test that a contract is made with a Florida resident and payment is to be made in this state. See Smith Architectural Group, Inc. v. Dehaan, 867 So.2d 434, 436 (Fla. 4th DCA 2004) (citing Stomar, Inc. v. Lucky Seven Riverboat Co., 821 So.2d 1183 (Fla. 4th DCA 2002) (finding allegation that owner of vessel breached agreement with Florida ship broker by failing to pay commission owed to broker in Florida sufficient to satisfy first prong of jurisdictional inquiry)); see also Tallmadge v. Mortgage Fin. Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993) (stating that requirements of long-arm statute met where Florida mortgage broker obtained refinancing of a mortgage on a California property and closing was held in California, but commission agreement as well as all loan documents, correspondence, and checks were sent to broker's Florida office); Poe v. Marine Group of Palm Beach, Inc., 760 So.2d 273, 274 (Fla. 4th DCA 2000) (Florida long-arm statute requirements met where Maryland residents gave Florida corporation exclusive right to sell yacht located in Maryland in exchange for commission, and contract required some action by both parties in Florida). As PCI alleged such facts in its complaint, we find the first prong satisfied.
However, we also find insufficient minimum contacts between Woodard and this state to satisfy the Fourteenth Amendment's due process requirements. PCI initially contacted Woodard in California and solicited Woodard's business through its sales agent in California. Furthermore, no representative of Woodard ever set foot in Florida. Therefore, it cannot be said that Woodard purposefully availed itself of the privileges of doing *271 business here. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). As such, we conclude that Woodard could not have reasonably anticipated being haled into court in this state, see id. at 474, 105 S.Ct. 2174 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)), and we reverse the trial court's order with directions to enter an order granting Woodard's motion to dismiss for lack of jurisdiction.
Reversed with Directions.
WARNER and GROSS, JJ., concur.
NOTES
[1] Although not dispositive to this appeal, we note that the agreement contained no venue selection clause.