998 So.2d 665 (2009)
HAMPTON ISLAND PRESERVATION, LLC, a Georgia limited liability company, Appellant,
v.
CLUB & COMMUNITY CORPORATION, a Florida corporation, Appellee.
No. 4D08-3022.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*666 Salomon Hazday, Jr., of Salomon Hazday, Jr., P.A., Coral Gables, for appellant.
Norman Malinski of Law Offices of Norman Malinski, P.A., Aventura, for appellee.
SHAHOOD, J.
Appellant, Hampton Island Preservation, LLC, appeals the non-final order denying appellant's motion to dismiss second amended complaint for damages for lack of personal jurisdiction. We reverse and remand to the trial court to enter an order pursuant to this opinion.
Club & Community Corporation (hereinafter "CCC"), a Florida corporation, filed a *667 four-count complaint (breach of contract; gross negligence; quantum meruit; and unjust enrichment) for damages against appellant, a Georgia corporation. CCC alleges that it entered into an "Agreement for Professional Services" and a "Professional Services Attachment" with appellant. Attached to the complaint was a copy of the "Attachment," signed by the representatives of the parties. In response, appellant filed a motion to dismiss, arguing a lack of jurisdiction as appellant is a Georgia limited liability company that does not do business in Florida. After a hearing, the trial court granted the motion to dismiss without prejudice.
CCC filed an amended complaint containing the same four claims but adding as an exhibit an unsigned copy of the "Agreement for Professional Services," which contained a forum selection clause stating that the Agreement is governed by the laws of Florida. Appellant filed a motion to dismiss the amended complaint, arguing that because the agreement attached to the amended complaint is not signed it cannot be relied upon to establish jurisdiction and even if it was enforceable, the forum selection clause is insufficient to establish jurisdiction. This motion was supported by an affidavit from appellant's manager, William J. Cole, Jr. After another hearing, the trial court granted the motion to dismiss without prejudice.
CCC filed a second amended complaint, containing the same four counts as the original complaint and arguing jurisdiction based on the forum selection clause and that all payments were required to be made and were made in Palm Beach County. Appellant filed a motion to dismiss the second amended complaint. After a hearing, the trial court denied appellant's motion to dismiss.
There is a two-step inquiry for determining whether a Florida court has personal jurisdiction over a nonresident. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, it must be determined whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long arm statute, section 48.193. Id. If so, it must then be determined whether there are sufficient "minimum contacts" to satisfy due process requirements. Id. "Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071, 1074 (Fla. 4th DCA 2002).
To contest jurisdiction, the defendant must file affidavits in support of its position. Once affidavits are submitted, the burden shifts to the plaintiff to establish the basis for jurisdiction through opposing affidavits or other evidence. Becker v. Hooshmand, 841 So.2d 561, 562 (Fla. 4th DCA 2003).
Section 48.193, Florida Statutes, provides, in part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
§ 48.193(1)(g), Fla. Stat. (2007).
CCC claims that the trial court had personal jurisdiction through Florida's long arm statute by virtue of the contract requiring payments to be made in Florida. *668 This court has found that "[i]t is sufficient for purposes of the first prong of the test that a contract is made with a Florida resident and payment is to be made in this state." Woodard Chevrolet, Inc. v. Taylor Corp., 949 So.2d 268, 270 (Fla. 4th DCA 2007) (citation omitted). This claim was not contested by an opposing affidavit.
The constitutional requirement of "minimum contacts" in establishing jurisdiction hinges on whether "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In order for nonresident defendants to anticipate being hauled into a Florida court, it is essential that there be some act by which they purposefully avail themselves of the privilege of conducting activities within Florida, thus invoking the benefits and protections of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
CCC argues that this jurisdictional requirement is met by the forum selection clause, citing to Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286, 290 (Fla. 5th DCA 1997), which found that "the defendant's failure to make payments due in Florida, together with the contractual agreement consenting to Florida jurisdiction, satisfy as a matter of law constitutional due process for the assertion of personal jurisdiction." However, the forum selection clause mentioned by CCC was found in the unsigned Agreement for Professional Services and Florida courts have found that "a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 (Fla. 1987). Furthermore, appellant submitted an affidavit of William J. Cole, Jr., the manager of appellant, who stated that "Affiant has no knowledge that any authorized representative of Hampton ever executed the Agreement for Professional Services ("Agreement") to which Plaintiff refers in the Complaint." CCC did not submit an opposing affidavit.
CCC has failed to establish the second prong for personal jurisdiction in Florida.
While CCC put forth sufficient unrebutted allegations that would establish jurisdiction under Florida's long arm statute, appellant properly contested the argument establishing sufficient minimum contacts by affidavit. It was then CCC's burden to submit an affidavit to establish minimum contacts, which it did not do.
Accordingly, we reverse and remand with directions for the trial court to enter an order dismissing the second amended complaint for lack of personal jurisdiction.
Reversed and Remanded.
TAYLOR and HAZOURI, JJ., concur.