NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MORO AIRCRAFT LEASING, INC.,      )
                                  )
            Appellant,            )
                                  )
v.                                )      Case No. 2D16-835
                                  )
INTERNATIONAL AVIATION            )
MARKETING, INC.,                  )
                                  )
            Appellee.             )
_____)

Opinion filed December 14, 2016.

Appeal from the Circuit Court for
Manatee County; John F. Lakin, Judge.

Timothy E. Kiley of Peterson & Myers, P.A.,
Lakeland, for Appellant.

Jesse M. Tilden and Michael J. Prohidney
of Tilden & Prohidney, P.L., Bradenton,
for Appellee.


CRENSHAW, Judge.

Moro Aircraft Leasing, Inc., appeals the trial court's nonfinal order denying its motion to dismiss International Aviation Marketing, Inc.'s breach of contract action against it for lack of personal jurisdiction. Because International Aviation failed to establish sufficient minimum contacts to satisfy the constitutional due process requirements of personal jurisdiction, we reverse and remand for dismissal.

Moro Aircraft is an Alaska corporation that leases aircrafts. Moro listed the sale of an aircraft—located in Oregon—on the internet. International Aviation, an aircraft broker based in Sarasota, contacted Moro and offered to manage the sale of the aircraft. The parties entered into a marketing agreement—an "exclusive agent agreement"—in February 2013. Under the terms of the agreement, International Aviation would exclusively market the sale of the aircraft by locating a buyer and assisting with sale negotiations. The contract stated that International Aviation would "undertake a promotional sales effort directed toward the sale of OWNER'S Aircraft." International Aviation was required to prepare all sales literature and other documents to facilitate the sale. In exchange, Moro agreed to pay International Aviation a $50,000 commission upon sale of the aircraft.

International Aviation introduced Moro to Toss II LLC, an Iowa company and the eventual buyer of the aircraft. International Aviation made arrangements for a pre-buy inspection which took place in Wisconsin at Toss II's request. International Aviation prepared a May 31, 2013, Aircraft Purchase Agreement for the proposed sale of the aircraft to Toss II. That purchase agreement listed Oregon law as the governing law of the contract, and it stated that closing was to take place at a location and time of the parties' choosing. Ultimately, Moro did not rely on the May purchase agreement. Instead, in September 2013, Moro and Toss II entered into a separate agreement for the sale of the aircraft. The closing took place in Oklahoma.

International Aviation filed a breach of contract claim against Moro in Manatee County, Florida, alleging that Moro owed it the $50,000 commission for the sale of the aircraft. The complaint alleged that Moro failed to pay International Aviation

its commission under the parties' marketing agreement. Moro moved to dismiss the complaint for lack of personal jurisdiction. Following a hearing, the trial court denied Moro's motion and this appeal followed.

We review de novo a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. Bohlander v. Robert Dean & Assocs. Yacht Brokerage, Inc., 920 So. 2d 1226, 1228 (Fla. 3d DCA 2006). To determine whether a Florida court has personal jurisdiction over a party, "a trial court must first determine whether the Complaint alleges sufficient jurisdictional facts to bring the action within Florida's long-arm statute." Id. "If the Complaint properly alleges such facts, a trial court must consider whether the constitutional requirement of minimum contacts has been met." Id. (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla.1989)).

Florida's long-arm statute, section 48.193(1)(a)(7), Florida Statutes (2013), provides in part that a nonresident subjects himself to personal jurisdiction in a Florida court if he "[b]reach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state." "It is sufficient for purposes of the first prong of the test that a contract is made with a Florida resident and payment is to be made in this state." Woodard Chevrolet, Inc. v. Taylor Corp., 949 So. 2d 268, 270 (Fla. 4th DCA 2007). "Where no place of payment is designated in a contract, payment is presumed to be made at the residence of the creditor." Corporacion Aero Angeles, S.A. v. Fernandez, 69 So. 3d 295, 298 (Fla. 4th DCA 2011).

Here, International Aviation's complaint against Moro meets the first jurisdictional prong under Florida's long-arm statute. Because the contract at issue between the parties was silent as to place of payment, payment is presumed to be

made in Florida.  International Aviation's allegation that Moro failed to make a payment in Florida brings the action within the purview of section 48.193.

To satisfy the second jurisdictional prong, a plaintiff must show that the non-resident defendant "has sufficient minimum contacts to bring the action in the forum state."  Fernandez, 69 So. 3d at 298.   This means that a defendant's contacts

> (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Id. at 299.  "The due process requirement of minimum contacts is not satisfied by a showing that a party has entered into a contract with a non-resident, or a showing that payment must be made in Florida."  Bohlander, 920 So. 2d at 1228.  The due process requirement may be satisfied, however, when a non-resident defendant entered into a contract with a Florida party for substantial services to be performed in Florida; in that situation, the defendant has purposely availed himself of the privilege of conducting activities in Florida.  Id.  "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections."  Woodard, 949 So. 2d at 270 (quoting Taskey v. Burtis, 785 So. 2d 557, 559 (Fla. 4th DCA 2001)).

In Fernandez, a Florida broker brought a breach of contract action against a Mexican corporation for failure to pay commission on the sale of an aircraft.  69 So. 3d at 296-97.  The Florida broker approached potential buyers in Florida and advertised

- 4 -

the aircraft in national magazines. He contracted with Canadian buyers to purchase the airplane and he arranged for them to view the airplane in Mexico. The buyers' deposit was held by an Oklahoma agent. The sale closed in Canada. The Fourth District held that the Mexican seller did not have sufficient minimum contacts with Florida to establish personal jurisdiction. Id. at 300.

Similarly, in Woodard, a California corporation that owns car dealerships entered into a marketing service agreement with a Florida company that publishes and distributes marketing materials. 949 So. 2d at 269. Under the terms of the parties' agreement, Woodard sent payments to Florida, and the Florida marketing company performed the design, production, and printing in Florida, and mailed brochures from Florida. The Fourth District concluded that the California corporation had insufficient minimum contacts to support personal jurisdiction in Florida. Id. at 271.

And in Bohlander, a Florida yacht broker brought a breach of contract action against a nonresident yacht seller. 920 So. 2d at 1226. The parties entered into a marketing agreement under which the broker would distribute information, advertise, and generally "manage the sale of the Vessel." Florida law governed the agreement, but no services were required to be performed in Florida under the agreement. The Third District concluded that the nonresident seller did not have sufficient minimum contacts with Florida to meet due process requirements because the substantial services rendered in the sale of the yacht were not performed in Florida. Id. at 1228-29.

Like the appellate courts in Fernandez, Woodard, and Bohlander, we conclude based on the circumstances here that Moro did not have sufficient minimum contacts in Florida to satisfy due process requirements. Here, the Florida corporation,

International Aviation, solicited the nonresident Alaska corporation Moro, to have International Aviation broker the sale of Moro's aircraft located in Oregon. No representative from the Alaska corporation set foot in Florida. The marketing agreement between Moro and International Aviation did not require substantial services to be performed in Florida—in fact, it did not specify a location for any of the services. The eventual buyer was from Iowa, the pre-buy inspection took place in Wisconsin, and the ultimate sale of the aircraft took place in Oklahoma. Under these circumstances, International Aviation cannot show that Moro had sufficient minimum contacts with Florida such that Moro should reasonably anticipate being haled into a Florida court.

We therefore reverse the trial court's order denying Moro's motion to dismiss for lack of personal jurisdiction and remand for dismissal.

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.