DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTHERN WALL PRODUCTS, INC.,**
Appellant,

v.

**STEVEN E. BOLIN** and **DEBORAH BOLIN,** his wife,
and **BAKERS PRIDE OVEN COMPANY, LLC,**
Appellees.

No. 4D18-875

[July 25, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 17-018220CA27.

Walter G. Latimer, Bruno Renda and Noor Fawzy of McGivney, Kluger & Cook, P.C., Fort Lauderdale, for appellant.

Rebecca S. Vinocur of Rebecca S. Vinocur, P.A., Coral Gables, for appellees Steven Bolin and Deborah Bolin.

WARNER, J.

Southern Wall Products appeals the trial court's order denying its motion to dismiss for lack of personal jurisdiction in this products liability action. Because the record shows the lack of minimum contacts to support specific personal jurisdiction, we reverse.

The appellees, Steven and Deborah Bolin, filed a 2017 products liability lawsuit in Broward Circuit Court against multiple defendants, including SWP. They alleged in their amended complaint that Steven Bolin was exposed to asbestos-containing products over a period of years, between 1969 and 1981, at numerous job sites in Florida. They claimed that as a result, he contracted mesothelioma.

In their complaint, they alleged jurisdiction against all defendants based on numerous allegations of conducting business in Florida, including that: 1) the defendants conducted business or had offices within

the state; 2) the plaintiffs' cause of action arose out of the defendants' business ventures within the state; 3) the defendants' asbestos-containing materials were sold in Florida and Steven Bolin used them in Florida; 4) the defendants engaged in nationwide marketing and specifically targeted Florida for their asbestos-containing products; 5) the defendants conducted substantial and not isolated activities within the state; and 6) the defendants maintained agents for service of process within the state. The plaintiffs also alleged that the defendants received substantial revenues from the sale of products in Florida at all times material to the cause of action.

Specific to SWP, the complaint stated that Steven Bolin was exposed to a joint compound in Florida from SWP in 1975-1977 while working as a laborer or construction worker for a company in Clearwater, Florida.

SWP moved to dismiss for lack of personal jurisdiction. It attached an affidavit of its bookkeeper, averring that SWP, a corporation with its principal place of business in Tucker, Georgia, had never maintained any office or physical presence in Florida, and that neither did its predecessor, Ruco of Atlanta, Inc., also a Georgia corporation. During the 1970s, Ruco's sales were centralized in Georgia, and neither SWP nor Ruco marketed or sold any product in Florida.

To counter the motion to dismiss, the Bolins filed a response, quoting from Steven Bolin's deposition that he had used an asbestos-containing joint compound in 1977 while working as a laborer and that one of them was named Ruco. The response also quoted from a deposition of Richard Whitcomb for SWP, who said SWP was currently distributing its product in Florida at the time of his deposition, which was in 2017. Approximately twenty percent of SWP's sales are made in Florida. The Bolins argued that SWP had continuous contacts and sales in Florida of asbestos-containing products and that SWP is subject to specific personal jurisdiction pursuant to section 48.193, Florida Statutes (2014).

The trial court held a non-evidentiary hearing on the motion to dismiss. Counsel for the Bolins declared that they were alleging specific personal jurisdiction against SWP, not general jurisdiction. The court questioned whether the fact that SWP was doing business in Florida at the time of the hearing, decades after the exposure, would support finding personal jurisdiction over SWP now. SWP objected, arguing that at the time of the alleged Florida exposure, SWP did not do business in Florida. The trial court entered an order denying the motion to dismiss, prompting this appeal.

For a Florida court to have jurisdiction over a defendant under the long-arm statute, courts must apply a two-prong analysis. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). The court first determines whether the facts as pleaded were sufficient to support personal jurisdiction under the long-arm statute, section 48.193, Florida Statutes. *Id.* Secondly, if the first requirement is met, it determines "whether the federal constitutional due process requirements of minimum contacts have been met." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002); *Woods v. Nova Co. Belize Ltd.*, 739 So. 2d 617, 619-20 (Fla. 4th DCA 1999).

If the plaintiff has sufficiently alleged a basis for long-arm jurisdiction, then the burden shifts to the defendant to contest those allegations, by affidavit or other proof, or to claim that the federal minimum contacts requirement is not met, by affidavit or other verified evidence. *See Venetian Salami*, 554 So. 2d at 502. If adequately contested, then the burden shifts back to the plaintiff to refute the evidence the defendant submitted by affidavit or other evidence. *Id.* at 502.

The trial court can resolve the issue of personal jurisdiction based on the affidavits or other evidence if they are not in conflict. *Id.* at 503. However, when the evidence on the material facts on jurisdiction is in conflict, "then the trial court must conduct a limited evidentiary hearing to resolve the factual dispute." *Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A.*, 721 So. 2d 787, 789 (Fla. 3d DCA 1998) (citing *Venetian Salami*, 554 So. 2d at 503). At the evidentiary hearing, the trial court considers testimony and evidence to resolve the factual disputes, and then it determines whether the plaintiff has demonstrated long-arm jurisdiction including minimal contacts. *See Teva Pharm. Indus. v. Ruiz*, 181 So. 3d 513 (Fla. 2d DCA 2015).

To satisfy the first prong of the *Venetian Salami* test, the plaintiff must allege sufficient facts to support long-arm jurisdiction under section 48.193. In this case, the Bolins asserted jurisdiction pursuant to section 48.193(1)(a)6., Florida Statutes. Specifically, the statute provides for jurisdiction over an out-of-state defendant for causes of action arising out of the following acts:

> Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

a. The defendant was engaged in solicitation or service activities within this state; or

b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

As to this prong, the evidence is in conflict. The sworn affidavit of the SWP representative states that neither SWP nor its predecessor Ruco sold any product in Florida. Bolin, on the other hand, stated that he used asbestos-containing joint compound from Ruco in construction in Florida in the 1970s, although he did not state that either he or his employer purchased the compound in Florida. While there is a conflict on this first prong, we need not send the case back because jurisdiction fails under the minimum contacts second prong.

For the second prong of *Venetian Salami*, minimum contacts analysis, the plaintiff must establish that the defendant's contacts with the forum state are: (1) related to the cause of action or gave rise to it; (2) involve some act by which the defendant purposefully availed itself of the privilege of conducting business within the forum; and (3) the defendant's act is such that it should reasonably anticipate being haled into court in the forum state. *Moro Aircraft Leasing, Inc. v. Int'l Aviation Mktg., Inc.*, 206 So. 3d 814, 817 (Fla. 2d DCA 2016); *Corporacion Aero Angeles, S.A. v. Fernandez*, 69 So. 3d 295, 299 (Fla. 4th DCA 2011).

The assertion of jurisdiction under section 48.193(1)(a)(6)., Florida Statutes, is frequently referred to as jurisdiction based upon a manufacturer placing its goods in the stream of commerce. The United State Supreme Court has limited that type of jurisdiction over a manufacturer on due process grounds, concluding that merely placing goods in the stream of commerce does not create sufficient minimum contacts to warrant the assertion of jurisdiction. In *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011), the Court held that a manufacturer who did not have offices or employees in the state in which the respondent was seeking to assert jurisdiction, did not advertise in the state, and whose sole contact with the state was the presence of up to four of its machines in the state, could not be subject to jurisdiction in that state. The respondent had brought a products liability claim against a machine manufacturer incorporated and operating in England, based upon an injury he had suffered while using one of the manufacturer's machines in New Jersey. *Id.* at 878. Quoting from Justice O'Connor's

4

concurring opinion in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987), the plurality in *Nicastro* explained that:

> The "substantial connection" between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.

*Id.* at 883 (citations omitted, emphasis omitted). Justice Breyer concurred, finding that a single sale into a sovereign jurisdiction could not constitute minimum contacts to satisfy due process. *Id.* at 888.

This case is factually analogous to *Nicastro.* While the Bolins alleged that the defendant marketed nationally, targeted Florida, and sold into Florida, the affidavit of the SWP representative averred that: 1) the company had no offices or employees in Florida; 2) did not advertise in Florida; and 3) did not sell its products in Florida during the 1970s. Bolin responded with his own deposition testimony that he used a Ruco joint compound while working construction in Florida in the 1970s. But this alone does not establish "minimum contacts" under Supreme Court precedent. At most, even if Bolin is correct regarding his use of the product in Florida, this amounts to a single use, insufficient to prove minimum contacts. Perhaps there are more facts which Bolin could have brought forth regarding Ruco's contact with Florida; however, he did not, and it was his burden to do so.

Instead, the Bolins rely on SWP's current sales and marketing within Florida to satisfy minimum contacts. SWP contends that the minimum contacts analysis must be made at the time of the acts subjecting the foreign defendant to jurisdiction. We agree. "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction . . . ." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *GCIU-Emp'r Ret. Fund*, 565 F.3d at 1024); *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). "In order to determine whether a claim relates to or arises out of a party's contacts, the court 'cannot simply aggregate all of a defendant's contacts with a state — no matter how dissimilar in terms of geography, time, or substance — as evidence of the constitutionally-required minimum contacts.'" *GCIU-Emp'r Ret. Fund*, 565 F.3d at 1024. The current activity of SWP in Florida forty years later does not relate to

5

this cause of action.  The acts involved in this action occurred in the 1970s.  Bolin offered no evidence with respect to contacts of SWP or Ruco during that period.

The Bolins presented no evidence that SWP purposely availed itself of the privilege of conducting activities in or targeted activities at Florida.  It had no contact with Florida at all in the 1970s.  There is no evidence that it was marketing its product in the state, that it employed agents in the state, or had agreements with distributors or any contact at all which would suggest purposeful availment of privileges of the forum.  SWP's sworn affidavit states that it sold no product in Florida at all.  Assuming that Bolin was using the Ruco product in his work, there is no explanation of how it was distributed.  Was it purchased in Florida, or was it purchased in Georgia and shipped to Florida?  Was it a one-time sale in Florida?  Without some contrary evidence, the plaintiff did not refute the affidavit presented by SWP.  There is no evidence to support the proposition that SWP should have anticipated being haled into court under the facts of this case.

As Justice Kennedy wrote in the plurality opinion in *Nicastro*:

> A court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).  Freeform notions of fundamental fairness divorced from traditional practice cannot transform a judgment rendered in the absence of authority into law.  As a general rule, the sovereign's exercise of power requires some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson [v. Denckla]*, 357 U.S. [235], 253, 78 S. Ct. 1228, though in some cases, as with an intentional tort, the defendant might well fall within the State's authority by reason of his attempt to obstruct its laws.  In products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with "traditional notions of fair play and substantial justice."

564 U.S. at 880.  Just as the contacts in *Nicastro* were not sufficient to

support constitutional jurisdiction, the contacts of SWP to Florida are insufficient to support jurisdiction in this case.

The Bolins rely primarily on *Jones v. Jack Maxton Chevrolet, Inc.*, 484 So. 2d 43 (Fla. 1st DCA 1986), which has language in the opinion which supports their position. However, it is purely *dicta* and no longer consistent with the current Supreme Court position on minimum contacts analysis. We must follow the United State Supreme Court.

For the foregoing reasons, we reverse the order denying SWP's motion to dismiss for lack of personal jurisdiction. On remand, the trial court shall dismiss SWP from the action.

MAY and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***