PER CURIAM.
*492 Affirmed. See Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730, 734 (Fla. 3d DCA 2006) (observing that, although "a trial court's order on a motion to dismiss for lack of personal jurisdiction is de novo," where "the trial court's decision is based on live testimony, the appellate court defers to the trial court's determinations of the facts"); Rudel v. Rudel, 111 So.3d 285 (Fla. 4th DCA 2013) (holding that where trial court's determination of its jurisdiction is based upon a finding of fact, an appellate court reviews those findings for competent, substantial evidence). See also Bohlander v. Robert Dean & Assoc. Yacht Brokerage, Inc., 920 So.2d 1226, 1228 (Fla. 3d DCA 2006) (holding: "The due process requirement of minimum contacts is not satisfied by a showing that a party has entered into a contract with a non-resident, or a showing that payment must be made in Florida"); deMco Tech., Inc. v. C.S. Engineered Castings, Inc., 769 So.2d 1128, 1131 (Fla. 3d DCA 2000) (holding that, in a breach of contract action to collect on a promissory note, defendant's failure to pay the debt owed in Florida, together with a choice-of-law provision in the note requiring that it be construed in accordance with Florida law, was insufficient to establish long-arm jurisdiction over the non-resident defendant).