DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LORNAMEAD, INC.,**
Appellant,

v.

**JOANNE FLEEMIN** and **JOHN FLEEMIN,**
Appellees.

No. 4D22-3385

[May 24, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE21022203.

Mary J. Street and Eduardo Medina of Foley Mansfield, Miami, for appellant.

No appearance for appellees.

PER CURIAM.

Lornamead, Inc., a Delaware corporation with its principal place of business in New York, appeals the trial court's order denying its motion to dismiss for lack of personal jurisdiction in this products liability action. Because the record reflects a lack of minimum contacts to support personal jurisdiction, we reverse.

Appellees, John and Joanne Fleemin, filed a products liability action against numerous defendants, including Lornamead, alleging that Joanne developed mesothelioma as a result of exposure to asbestos through her use of cosmetic talcum powder products of various brands, between the years of 1978 to 2015. One of the brands, which was attributed to Lornamead, was Yardley Lavender.

In their complaint, appellees alleged jurisdiction as to all defendants, including Lornamead, based on the defendants having "maintained sufficient contact with the State of Florida and/or transacted substantial revenue producing business in the State of Florida" to subject them to the jurisdiction of Florida courts.

Lornamead moved to dismiss the complaint for lack of personal jurisdiction, attaching the affidavit of its Senior Vice President of Finance ("Lornamead V.P."), to the motion. The Lornamead V.P., in the affidavit, averred that Lornamead was incorporated in Delaware in 2002, with its principal place of business in New York. According to the affidavit, Lornamead has no operations or facilities in Florida, has no officers or directors based in Florida, does not own or lease any real property in Florida, and has never manufactured Yardley Talcum powder.

The Lornamead V.P. further stated in the affidavit that Lornamead acquired Yardley brand trademarks in various geographic territories, including the United States. After the acquisition, Lornamead sold a total of six bottles of Yardley talcum powder to Walgreens within the U.S. from 2005-2012. Lornamead did not distribute any Yardley brand talcum powder in the U.S. after 2012, and did not sell the powder to any Winn-Dixie or Eckerd's store during this same time frame.

In opposition to the motion to dismiss, appellees relied on Joanne's deposition testimony that she purchased and used the powder "during the years Lornamead admits to having liability for Yardley powder." She stated that she purchased the powder from Winn-Dixie, "maybe Eckerds," and that she "may have [also] gotten it at Walgreens" in Florida. She further stated that she used the Yardley powder "[a]bout 15 percent of the time," about two bottles per year, from about 1983 to 2015. She did not have any Walgreens' receipts for this timeframe.

The trial court held a non-evidentiary hearing on the motion to dismiss. Lornamead argued that appellees did not produce any evidence contradicting Lornamead's affidavit stating that it had no purposeful contacts in Florida and that Joanne's deposition testimony was not enough.

In response, appellees emphasized Joanne's testimony that she had purchased the Yardley powder in Florida. Appellees argued that the reason Joanne was able to purchase the product in Florida was because Lornamead purposefully, either directly or indirectly, allowed its products to be sold by intermediaries in Florida.

At the conclusion of the hearing, the trial court announced its decision that appellees' facts, as pleaded, were sufficient to establish personal jurisdiction under Florida's long-arm statute. As to minimum contacts, the court determined that the Lornamead V.P.'s affidavit "precisely admits to distributing to Walgreens during an operative period where this plaintiff

alleges exposure." The trial court subsequently entered an order denying the motion to dismiss, and this appeal followed.

We review a trial court's order denying a motion to dismiss for lack of personal jurisdiction *de novo*. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002).

We have held:

> For a Florida court to have jurisdiction over a defendant under the long-arm statute, courts must apply a two-prong analysis. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). The court first determines whether the facts as pleaded were sufficient to support personal jurisdiction under the long-arm statute, section 48.193, Florida Statutes. *Id.* Secondly, if the first requirement is met, it determines "whether the federal constitutional due process requirements of minimum contacts have been met." *Id.* (citations omitted).
>
> If the plaintiff has sufficiently alleged a basis for long-arm jurisdiction, then the burden shifts to the defendant to contest those allegations, by affidavit or other proof, or to claim that the federal minimum contacts requirement is not met, by affidavit or other verified evidence. *See Venetian Salami*, 554 So. 2d at 502. If adequately contested, then the burden shifts back to the plaintiff to refute the evidence the defendant submitted by affidavit or other evidence. *Id.* at 502.

*S. Wall Prods., Inc. v. Bolin*, 251 So. 3d 935, 938–39 (Fla. 4th DCA 2018).

Here, appellees alleged in the complaint, that personal jurisdiction existed as to Lornamead because:

> b. The alleged causes of action arise out of, or relate to, the business or business ventures conducted within Florida by [Lornamead] or through which [Lornamead] purposefully availed [itself] of Florida, invoked the benefits and protections of Florida law, or otherwise could reasonably have foreseen [its] activities would subject [it] to jurisdiction of the Florida courts;
>
> c. [Lornamead's] asbestos-containing products were sold in Florida;

3

d. [Lornamead's] asbestos-containing products acted upon Mrs. Fleemin in Florida when Mrs. Fleemin used and was around [its] asbestos-containing products in Florida.

. . .

g. The foreign corporation [Lornamead] ha[s] committed wrongful acts either outside or inside Florida causing injury to Plaintiff as a result of products, materials, or things processed, serviced, or manufactured by [Lornamead] that were used or consumed within the state of Florida in the ordinary course of commerce, trade or use, including breaching its continuing duty to warn Mrs. Fleemin to avoid further asbestos exposures.

The Lornamead V.P.'s affidavit sufficiently contested these allegations, and appellees failed to meet their burden once Lornamead presented evidence establishing lack of minimum contacts. *See Bolin*, 251 So. 3d at 939. The Lornamead V.P.'s affidavit stated that only six bottles of Yardley powder were sold to Walgreens stores in the United States, not specifically Florida, and no Yardley powder was sold to the other stores where Joanne shopped. Although the trial court found that Lornamead "conceded" to having sold the product in Florida, the only mention of Florida within the the Lornamead V.P.'s affidavit is that Lornamead does *not* maintain an office in Florida, has *no* operations in Florida, is *not* registered to do business in Florida, and does *not* own or lease any real property in Florida.

Joanne's vague deposition testimony that she *might* have purchased some of the powder at Walgreens is insufficient to meet her burden to establish personal jurisdiction. Moreover, because of the limited number of sales, if any in Florida, minimum contacts are not established. Evidence that a defendant *may* have predicted its goods would reach the forum state does not suffice to demonstrate personal jurisdiction, nor is the fact that a defendant merely sold products that ended up in a state sufficient. *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 803-05 (Fla. 4th DCA 2018); *see also Bolin*, 251 So. 3d at 939–40 ("[M]erely placing goods in the stream of commerce does not create sufficient minimum contacts to warrant the assertion of jurisdiction.").

Here, appellees provided no evidence that Lornamead targeted Florida for sales. *See id.* at 940 ("The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant *purposefully directed toward the forum State*. The placement of a product into the

stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.") (emphasis added) (quoting *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 886, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011)); *cf. Mazda Motor Corp. v. Triche*, --- So. 3d ---, 2023 WL 2505842, at *1 (Fla. 3d DCA Mar. 15, 2023) (affirming an order denying a motion to dismiss for lack of personal jurisdiction where the record showed that Mazda Japan "did more than simply place its vehicles in the global stream of commerce heedless of the American and Florida markets. Instead, it engaged in the sort of additional conduct indicat[ing] an intent or purpose to serve the market in the forum State[.]" ) (internal quotation marks omitted).

In sum, because appellees failed to meet their burden once Lornamead presented evidence stablishing a lack of minimum contacts, we reverse the order denying Lornamead's motion to dismiss for lack of personal jurisdiction. On remand, the trial court shall dismiss Lornamead from the action.

*Reversed.*

KLINGENSMITH, C.J., WARNER, and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5